BECKWITH et al. v. PIRUNG et al.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. COVENANTS (§ 78*)—RESTRICTIVE COVENANTS—ENFORCEMENT.

> Where each lot in a park is conveyed by a deed containing a covenant, running with the land, restrictive as to class and location of buildings to be placed thereon, such a covenant, mutual in character, may be enforced by the owner of any lot, deriving title from a common source by a deed containing a similar covenant.

> [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 77; Dec. Dig. § 78.*]

2. COVENANTS (§ 103*)—RESTRICTIVE BUILDING COVENANTS.

> The covenant, contained in the deed of each lot in a park, that no building except a detached single dwelling house of a certain cost shall be erected thereon, and that no public or private building for horses or other animals, or other nuisance of any kind, shall be erected thereon, does not prevent the building of a private garage as an addition to a dwelling.

> [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. § 103.*]

Appeal from Special Term, Kings County.

Action by Mary E. Beckwith and others against Barbara Pirung and others. From a judgment dismissing the complaint on the pleadings, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

W. W. Thompson, for appellants.
Edward J. Welch, for respondent Barbara Pirung.
George P. Fall, for respondent John Pirung.

BURR, J. Although the allegations of the complaint are somewhat vague and indefinite, we think that it may be fairly inferred that the parcel of ground owned by the plaintiff Mary E. Beckwith and that owned by the defendant Barbara Pirung were each within the boundaries of Ditmas Park and included in the general plan for the improvement thereof. Each of the deeds of lots within the said park, including those through which these parties claim title, contained restrictive covenants, substantially similar in form, except that in some it was provided that the cost of the dwelling house to be erected on the property therein described should be not less than $5,000, and in others that such cost should be not less than $4,000. The property owned by the plaintiff Beckwith belonged to the latter, and that owned by the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant Pirung to the former, class. This covenant provided as follows (paragraph 1):

"That neither the said party of the second part, nor his heirs or assigns, shall or will erect or permit, upon any portion of the said premises, any building except a detached dwelling house or church, and that said house shall be constructed for one family only, shall have a cellar, and shall be not less than two stories in height, shall cost not less than four [or five] thousand dollars, and shall not have a roof of the character or description known as a flat roof."

The covenant then contained other provisions relative to the size of the plot upon which a dwelling might be erected, prohibiting the use of the same for business or manufacturing purposes, providing as to the manner of inclosure, the position of the building with reference to the street, the grade of the plot upon which the building stood, and the approach thereto. Then followed another clause in these words (paragraph 9):

"That neither the said party of the second part, nor his heirs or assigns, shall or will erect or permit, upon any portion of the said premises, any public or private stable for horses or other animals, nor any pig sty, cow shed, hen house, slaughter house, or other nuisance of any kind, description, or nature. The above covenants in each and every particular to run with the land, and shall be construed as real covenants running with the land, until January, 1925, when they shall terminate."

Each of these covenants restricting the use of the several owners of the land upon the said tract was mutual in character, and might be enforced by any of the owners of land, deriving title from a common source by deeds containing similar covenants of restriction. Korn v. Campbell, 192 N. Y. 490; 85 N. E. 687, 127 Am. St. Rep. 925; Silberman v. Uhrlaub, 116 App. Div. 869, 102 N. Y. Supp. 299.

The only remaining question, therefore, is: Does the complaint allege that the defendants, or either of them, are doing any act in violation of the provisions of said covenant? The complaint alleges that the said defendants are about to erect upon the property owned by the defendant Barbara Pirung a "building one story high, about 14 feet by 17 feet," to be used as a garage, which building is connected with the dwelling house of the said defendant, standing upon the same plot of ground. We agree with the learned judge at Special Term that the general scope and intent of these restrictive covenants was to limit the use of the Ditmas Park property to residential purposes, and that, too, of a private character, and to define the general method of improvement of the same. We do not agree with him that the purpose of paragraph 9 of the restrictive covenant above quoted was to recognize "subsidiary structures serving the convenience of a domestic establishment," and to regulate that subject. We think that it could never be claimed, for example, that a "slaughter house" was a subsidiary structure to a domestic establishment. We think, rather, that paragraph 9, while perhaps unnecessary, was intended to emphasize the purpose of preserving the character of the property as residential property of a desirable class.

Is either the spirit and intent or the letter of the covenant violated by the erection of a garage such as this one is intended to be? There is no allegation that it is to be of a public character. Its dimensions

would hardly make that possible. If, after its erection, an attempt should be made to use it for such a purpose, and to thus carry on the business of storing automobiles for hire, a different question would be presented. We think that this structure is incidental to the reasonable use of property for residential purposes. If one having a fondness for flowers should attach to his residence a small extension for the purpose of a conservatory or greenhouse, or, being a lover of music, should attach a similar extension to be used as a private music room, or, being a patron of art, should in like manner construct a building to be used as an art gallery, we think it could hardly be claimed that this was a violation of the covenant. However much we may differ upon a question of taste, it seems to us that if one has a fondness for automobiles, and desires to build an addition to his dwelling house for the storing of his own automobiles, it cannot be claimed that he is destroying the character of the property as residential property, or devoting any portion of it to a use which is not fairly incidental thereto.

We think that the judgment appealed from should be affirmed, with costs. All concur.