### HEPBURN v. LONG.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

COVENANTS (§ 103*)—BREACH—USE OF PROPERTY—GARAGE.

A covenant in a deed providing that the premises shall be used for residence purposes only, and that "no building or structure of any kind whatsoever other than a dwelling house shall be erected thereon," is violated by the erection and maintenance of a small private garage 13 by 22 feet in size and 15 feet from the owner's dwelling house.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. § 103.*]

Appeal from Special Term, Westchester County.

Action by Mary B. Hepburn against Edward B. Long. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

H. T. Dykman, for appellant.
Smith Lent, for respondent.

HIRSCHBERG, J. The action is brought to restrain the defendant from maintaining a building erected by him as a garage upon certain property occupied by him in the village of White Plains, as within the restrictive covenant of the deed of the property. The deed provides that the premises should be used for residential purposes only, and that "no building or structure of any kind whatsoever other than a dwelling house shall be erected thereon." The learned trial court has found as a fact that the defendant, in addition to his dwelling house erected on the premises, has also constructed and maintains a small private garage, 13 by 22 feet in size, and 15 feet distant from the dwelling house. The learned court dismissed the complaint and filed an opinion as follows:

"I have no difficulty in deciding that the erection of an automobile garage on the property of the defendant is a plain violation of the restrictive cove-

nants in his deed, but the Appellate Division in Beckwith v. Pirung has decided to the contrary. I am bound by this decision, and I direct judgment for the defendant without costs."

I am unable to see any connection between the principle controlling the decision in Beckwith v. Pirung, 134 App. Div. 608, 119 N. Y. Supp. 444, and the case at bar. In the Beckwith Case the restrictive covenant prohibited the erection by the owner of "any building except a detached dwelling house," and the scope and intent of this restriction was indicated by a further provision that the owner should not "erect or permit, upon any portion of the said premises, any public or private stable for horses or other animals, nor any pigsty, cowshed, henhouse, slaughterhouse, or other nuisance of any kind, description, or nature." What the plaintiff sought to enjoin in that case was a connection to the dwelling house, forming a part of the house, although designed to be used as a garage for the storing of the owner's automobile. The fact that a part of the dwelling house was intended to hold the automobile did not take away the character of the building, did not violate the precise language of the restrictive covenant, and was not obnoxious to the purpose and intent of the restriction.

In the case at bar, however, the violation complained of is in precise terms opposed to the limitations of the restrictive covenant. It is a building or structure, other than a dwelling house, and separate and distinct from such house.

It follows that the judgment should be reversed.

Judgment reversed and new trial granted, costs to abide final award of costs. All concur.