### HEYSON et al. v. LICHTENSTEIN et al.

(Supreme Court, Appellate Division, Second Department. June 20, 1913.)

DEEDS (§ 176*)—USE OF PROPERTY—RESTRICTIVE COVENANTS—ACTION—COM-
PLAINT.

Where a restrictive covenant in a deed provided that the land should be used and occupied solely for a private dwelling and for a private stable or garage, to be used for and in connection with the dwelling, an allegation of a complaint to enforce a covenant merely alleging that defendants had constructed certain "sheds or outhouses" not permitted by or in violation of the terms of the contract was insufficient to charge a breach of the covenant without a further allegation showing that the "shed or outhouse" was not to be used in connection with the dwelling or private stable as authorized by the covenant.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 546; Dec. Dig. § 176.*]

Thomas, J., dissenting.

Appeal from Special Term, Nassau County.

Action by Harry G. Heyson and another against Isaac Lichtenstein and another. From an order overruling defendant's demurrer to the complaint, they appeal. Reversed, and demurrer sustained.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Frederick M. Czaki, of New York City, for appellants.

J. Henry Work, of New York City, for respondents.

PER CURIAM. Plaintiffs, having an interest in enforcing restrictive covenants affecting land owned by defendants, seek to enjoin the construction and maintenance of buildings upon said land. The covenant in question is to the effect that said land "shall be used and occupied solely for the purpose of a private dwelling and a private stable or garage, to be used for and in connection with such dwelling house." The allegation of the complaint is that defendants have "constructed certain sheds or outhouses not permitted by and in violation of the terms of the contract * * * and in violation of the covenants referred to in the 'deed of the said premises.'" Defendants demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action; and from an order overruling said demurrer appeal.

Except the words "constructed certain sheds or outhouses," the allegation in the complaint above referred to is not the statement of a fact or facts, but a conclusion of law. Unless no shed or outhouse of any description can possibly be erected in connection with a dwelling house or a private stable or garage, without destroying the characteristic use of the land for these purposes, the complaint is insuffi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cient, and defendants' demurrer upon that ground should have been sustained. Beckwith v. Pirung, 134 App. Div. 608, 119 N. Y. Supp. 444. Manifestly, this is not the case. The allegation is in the disjunctive. For anything that appears, the "shed or outhouse" may have been a storm shed over one of the doors of entrance to the dwelling house, or a wagon shed forming part of the private stable, or it may have been a conservatory or a greenhouse. The burden is in the first instance on 'plaintiffs to show a violation of the covenant, not upon defendants to show a' compliance therewith.

The order overruling the demurrer should be reversed, with $10 costs and disbursements, and the demurrer sustained, with costs, with leave to plaintiffs, within 20 days after the entry of the order herein, to amend the complaint upon payment of the costs of said demurrer and of this appeal.

THOMAS, J., dissenting.

---

## In re NEW YORK, W. & B. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 20, 1913.)

EMINENT DOMAIN (§ 237*)—PROCEEDINGS TO ASSESS COMPENSATION—VACATION.

Appeal from Special Term, Westchester County.

Condemnation proceedings by the New York, Westchester & Boston Railway Company to acquire property of Selina Weeks. From an order denying a motion to set aside the condemnation proceedings, the defendant appeals. Reversed, and motion granted.

See, also, 149 App. Div. 929, 133 N. Y. Supp. 1134.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

A. P. Bachman, of New York City, for appellant.

J. Addison Young, of New York City, for respondent.