(170 App. Div. 237)

## SULLIVAN v. SPRUNG.

(Supreme Court, Appellate Division, Second Department. December 17, 1915.)

1. COVENANTS ⬪49—RESTRICTIVE COVENANTS—ENFORCEMENT.
   While the courts will enforce covenants restricting the enjoyment of land, they are not to be enlarged or extended by judicial construction.
   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 49; Dec. Dig. ⬪49.]

2. COVENANTS ⬪103—CONSTRUCTION—ENFORCEMENT.
   Land was conveyed by a deed declaring that it should be used solely for residential purposes. The conveyance further contained a covenant that neither the grantee nor his heirs should erect any public bathhouse, slaughter house, blacksmith shop, forge, etc., or buildings for any manufactory, club house, stable, or garage. The grantee erected a small lean-to connected with her house, in which she stored her own motor car. *Held*, that under the rule of ejusdem generis the maintenance of such structure could not be enjoined as a garage.
   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. ⬪103.]

Appeal from Special Term, Queens County.

Action by Katherine G. Sullivan against Julia Sprung. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Stanley Holcomb Molleson, of New York City, for appellant.
John C. Judge, of Brooklyn, for respondent.

---

PUTNAM, J.   Plaintiff sought to restrain defendant from maintaining a building erected by her as a garage upon her property in Belle Harbor, in the borough of Queens, maintaining that it was against a restrictive covenant in the conveyance of the property.   This deed from the West Rockaway Land Company declared that the conveyed premises should be used and occupied solely for residential purposes, and that no other buildings should be erected thereon.   It continued:

"Subject, however, to the following covenants and restrictions which shall be taken to be real covenants running with the land and binding upon the party of the second part, his heirs, executors, administrators, and assigns for a term of 20 years from the 1st day of January, 1906, viz.: That neither the said vendee nor his heirs, assigns, or undertenants shall or will erect or suffer or permit to be erected on any part of said land hereby conveyed any public bathing house, slaughter house, blacksmith shop, forge, foundry, or furnace, or any factory of any kind or nature whatsoever, or tannery or other factory for the manufacture, preparation, or treatment of skins, hides, or leather, or any brewery, malt house, or distillery, or any building, booth, or other structure for the manufacture or sale of any malt or spirituous or distilled liquors or drinks of any description, or to be used as a livery stable, or for the carrying on of any noxious, dangerous, or offensive trade or business, or any building of the character or description known as a tenement house, hotel, or boarding house, or any barn or stable whatsoever, or for the giving of shows or public entertainments of any kind, and that he or they will not give or permit to be given upon said land any shows, concerts, theatrical or musical performances, or any entertainment whatever of a public character, whether accompanied by music or not, which attracts or is calculated to attract, divert, or collect a congregation of persons, and that neither he nor they shall or will use, or suffer or permit to be used, erected, or commenced any building or structure erected or to be erected on said premises for any of the above mentioned and prohibited purposes, businesses, or uses, nor for any hospital, cemetery, asylum, manufactory, trade, shop, store, hotel, club house, boarding house, stable or garage."

There was also a "set-back" covenant, prescribing that buildings shall not extend beyond 15 feet from the street lines in front and in rear; also regarding the minimum cost of any dwelling house to be so erected, none of which should be directly connected with any building on any adjoining lot.

Defendant has put up a lean-to about 10 feet wide, 15 feet deep, and 8 feet high against her private dwelling two sides of which form two sides of this attached structure.   In it she now stores and houses her own automobile only.   Plaintiff contends that this structure is a garage within the above covenant.

[1, 2] While the courts carry out and enforce such covenants restricting the enjoyment of land, such restrictions are not to be enlarged or extended by judicial construction.   11 Cyc. 1078.   The present structure, painted to conform to the house to which it is attached, is simply an addition to the dwelling.   While used to house a motor car, it might serve as a storeroom, or for other needs of a private dwelling. In Beckwith v. Pirung, 134 App. Div. 608, 119 N. Y. Supp. 444, a like structure, being also a small addition to a dwelling house, in which the owner kept his automobile, was held not to impair the private residential character of the property.   There is a clear distinction between a private and a public garage; the latter being often offensive in the neighborhood of dwellings.   Evans v. Foss, 194 Mass. 513, 80 N. E. 587, 9 L. R. A. (N. S.) 1039, 11 Ann. Cas. 171.

It is a familiar principle that separate terms in the enumeration of things and uses prohibited or limited by such restrictions are to be taken subject to the general qualifying words expressive of the scope and purpose of the covenant as a whole. Berry, Restrictions on Real Property, § 41. · This entire covenant is directed against offensive trades, and further toward quasi public uses, such as trade or business, which would detract from the private residential character of the occupation. Under the ejusdem generis rule, the latter portion of the covenant against buildings or structures "for any hospital, cemetery, asylum, manufactory, trade, shop, store, hotel, clubhouse, boarding house, stable or garage" does not apply to this structure attached to defendant's residence in which is kept her private motor car.

I advise that the judgment of dismissal be affirmed, with costs. All concur.