HARRY C. WILMOT and MARY T. WILMOT, His Wife, Plaintiffs, *v.* THEODORE S. GANDY and MARION GANDY, His Wife, Defendants.

Supreme Court, Schenectady County, December, 1923 (Received March, 1924).

Deeds — restrictive covenants — action for permanent injunction against maintenance of garage attached to dwelling — restrictions against " barn, shed, shop or outbuilding " includes garage — equitable remedy denied plaintiffs where they violated restrictions.

Under the rule that while a restrictive covenant should not be enlarged or extended by judicial construction it should be strictly construed against the grantors, a garage is a " barn " within a covenant that no " barn, shed, shop or outbuilding " should be erected on a lot conveyed.

All of the lots into which a certain plot of land had been subdivided were con-
veyed subject to certain restrictions, one of which provided that no " barn,
shed, shop or outbuilding " should be erected on corner lots and that as to other
lots no structure should be erected within ninety feet of the building line of the
lot, and the deeds gave to the grantor, its legal representatives or assigns, or
to the several persons thereafter owning any lot fronting upon the street on which
the property was situate, a right of action against any person or persons violating
or threatening to violate the restrictions. Defendants purchased a corner lot
in 1914 and the lot just northerly of theirs was purchased by plaintiffs in 1919.
In an action for a permanent injunction against the maintenance of a garage
attached to defendant's dwelling, *held*, that although the garage was built in
1922 under a permit for the construction of a concrete storeroom it was a " barn "
within the restriction affecting corner lots.

The restrictive covenants ran with the land, and it appearing that plaintiffs,
before taking title, had procured a search and prior to the commencement of the
action had built and maintained a garage upon their premises in violation of
the restrictions in their deed of conveyance the complaint will be dismissed.

APPLICATION for permanent injunction to restrain maintenance
of garage.

*Wemple & Peters,* for plaintiffs.

*Naylon, Robinson, Maynard & Bates,* for defendants.

WHITMYER, J.    Plaintiffs are asking for a permanent injunction
against defendants to restrain them from maintaining a garage,
which is attached to their dwelling, on their lot at the northwesterly
corner of Wright avenue and Eastern parkway, Schenectady, and
to compel them to remove it, under the claim that it violates a
restrictive covenant in their deed.    Wright avenue runs northerly
and southerly, Eastern parkway easterly and westerly, and plain-
tiffs own the lot just northerly of that of defendants.    The two
lots form part of a plot which was laid out by Deforest-Nicklas
Company in 1907, and all of the lots in the plot were conveyed
subject to certain restrictions.    In the case of corner lots, one pro-
vided that no " barn, shed, shop or outbuilding " should be erected
on the lot, and in the case of other lots, that no such structure
should be erected within ninety feet of the building line of the lot.
And the deeds gave a right of action, at law or in equity, to the
company, its legal representatives or assigns, or to the several
persons thereafter owning or possessing any lot fronting upon the
street or avenue upon which the property thereby conveyed was
situated, against any person or persons violating or threatening
to violate the restrictions.    The covenants were mutual in character
and mutually enforcible.    *Korn* v. *Campbell,* 192 N. Y. 490.    Each
deed in the chain of title of the defendants, including the one
from their grantors, contained the restrictions for a corner lot.
They bought their property in August, 1914.    The house is frame.

Plaintiffs bought their property in April, 1919. The distance between the houses, before the erection of the garage, was fourteen feet, six inches, of which defendants own nine feet and plaintiffs five and one-half, and the house of plaintiffs extended twenty feet westerly beyond that of defendants. Defendants built the garage in August, 1922; the permit was for a concrete storeroom, eighteen feet long, eighteen feet wide and ten feet high. It was built of concrete blocks, covered with stucco, painted white. It is thirty-four feet, four and one-half inches long on its northerly side, eighteen feet wide for a distance of nineteen feet, four and one-half inches, easterly from the rear or westerly side, fifteen feet wide from that point or line, for a distance of eight feet, seven inches, to its easterly side, and ten feet high. Its easterly wall, for a distance of nine feet, five inches, is a part of the westerly wall of the house, and its northerly wall, for a distance of fifteen feet, is a part of the northerly wall of the house. For a distance of fifteen feet easterly from the rear line of the house, projected northerly, the garage is in the space between the two houses and it extends nine feet, four and one-half inches westerly beyond the west line of the house of plaintiffs. There is no cellar under it and its floor is of concrete and three feet below the level of the floor of the house, but there is an entrance from it to the house, by way of steps and a door. Defendants have used it for housing their own automobiles only, and they testified that they intended, if permitted, to use part of it for a laundry, to extend the plumbing from the main house, and to build a sleeping porch thereon. It is a garage and the decisions are to the effect that a garage is a barn. *Perpall* v. *Gload,* 116 Misc. Rep. 571, 582; *Beach* v. *Jenkins,* 174 App. Div. 813, 824. So that it remains to be determined whether or not it violates the restriction. It is the rule that a restrictive covenant should not be enlarged or extended by judicial construction and that it should be construed strictly against the covenants. *Clark* v. *Jammes,* 87 Hun, 215, 216; *Sullivan* v. *Sprung,* 170 App. Div. 237, 239. This one prohibits the erection of a " barn   *   *   *   or outbuilding " on the lot. The ordinary conception of a barn is that of a building separate and detached from other buildings on a lot, and it may be that the use of the word " outbuilding," preceded by the disjunctive, indicates that the restriction was intended to refer to such a structure. *Hepburn* v. *Long,* 146 App. Div. 527. It is painted to conform to the house, is attractive in appearance, and is attached to the house. Parts of two of its sides are parts of two of the sides of the house, it has an entrance to the house, and it is used for private purposes only. Further, if permitted, its use is to be extended to certain other domestic purposes. It is simply an

addition and " incidental to the reasonable use of the property for residential purposes." *Beckwith* v. *Pirung*, 134 App. Div. 608, 611; *Sullivan* v. *Sprung, supra.* The cases of *Perpall* v. *Gload, supra,* and *Beach* v. *Jenkins, supra,* relied upon by plaintiffs, involved restrictions against the building of a barn or stable within seventy-five feet of the line of a certain street, in the former, and fifty feet, in the latter, and are not similar. But the case presents another situation, which is controlling, so far as the decision is concerned, growing out of the fact that plaintiffs, in April, 1919, and before the commencement of the action, built and that they are maintaining a garage, twelve by eighteen feet, on their lot, with its easterly line eighty-four feet from their building line on Wright avenue, in violation of the restriction in their deed. And the evidence is to the effect that other owners of lots beyond in the plot are violating in the same way. The several deeds in the chain of plaintiffs, from the common source down to and including the one to their grantors, specified the restrictions, but their said grantors conveyed to them, without specifying, after they had conveyed to another, without specifying, and had taken back a deed, which did not specify. However, plaintiffs procured a search before taking title and their grantors turned over some of the deeds which did specify. Thus it is clear that they built their garage with knowledge of the restrictions. Further, the covenants run with the land. They are not in court with clean hands. *Coates* v. *Cullingford,* 147 App. Div. 39; *Gallon* v. *Hussar,* 172 id. 393; *Wallack Construction Co.* v. *Smalwich Realty Corp.,* 201 id. 133. Having violated the restriction in their own deed, they may not be heard in complaint of defendants and their complaint must be dismissed.

Findings accordingly.

Ordered accordingly.