This is a bill to enjoin the alleged violation of restrictions in a deed for property in West Caldwell, New Jersey. The *Page 637 
restriction is as follows: "No building other than a single family dwelling-house, to cost not less than $2,500, with necessary outbuildings, shall be built on each fifty-foot lot."
In May, 1923, defendant erected on the lot a building containing a garage and five living rooms, which was occupied by her and her children. In August, 1923, defendant demanded that complainant, who then maintained a water line in the vicinity, should furnish her water at her then residence. On complainant's refusal defendant appealed to the board of public utilities commissioners of the state, stating that the building was used as a residence. By direction of this board the water was installed.
In May, 1924, defendant erected on the front of said lot a dwelling-house, which she now occupies. The upper floor of the older building, together with one room on the lower floor, are occupied by tenants, who pay rent to the defendant.
It therefore appears that defendant, herself, before the utilities commission, has defined the building she now calls a garage as a residence, i.e., "dwelling-house." This case is very similar to that of Goater v. Ely, 80 N.J. Eq. 40, in which Vice-Chancellor Garrison held that a structure on the ground floor of which was a boiler room and garage, and on the second floor bedrooms and a bathroom, was a dwelling-house, and allowed an injunction against its use as such.
The point is raised that there have been other violations of this restriction, and, therefore, the complainant cannot now object. In the first place, the instances mentioned in the agreed state of facts were only temporary occupancies by two distinct families — if they were such, for all used the same kitchen. Moreover, there is no evidence that complainant acquiesced in these alleged violations. In Bridgewater v. Ocean CityRailroad Co., 62 N.J. Eq. 276, the court said: "That the complainant has lost all right to enforce the covenant, because the association has within the past three years wrongfully permitted several buildings to be put on the camp ground, is no excuse for the defendant. No such acquiescence of the complainant is proven as charges him with any liability for the association's breach of the covenant, nor can *Page 638 
the defendants, donees of the association, set up the wrongdoing of their donor to protect them against the enforcement of the donor's implied covenant."
I will advise a decree accordingly, restraining the use of the older building as a residence or dwelling.