WHITE & HESS, INCORPORATED, complainant,

*v.*

JOSEPH SCHWARTZBACKER and ANNA SCHWARTZBACKER, his wife, defendants.

[Decided March 7th, 1932.]

*Messrs. Duff & Duff,* for the complainant.

*Mr. Elmer E. Brown,* for the defendant.

BACKES, V. C.

The bill is to enforce compliance with restrictive building covenants. The defendants answered, but did not defend at the hearing.

The complainant corporation plotted Menlo Gardens, Middlesex county, into twenty-foot front lots and filed the map with the county clerk. It adopted and made public a community scheme of restrictions and incorporated it in its deeds. The scheme expires in 1935, could be dispensed with at any time to any purchaser and was solely for the benefit of the complainant and its remaining lots. The defendants have title to three lots from a grantee of the complainant, whose deed contains restrictions *inter alia.*

"Except as hereinafter expressly agreed there shall not be erected or permitted on any part of the premises any building, structure or construction of whatever nature except a detached private one-family or two-family dwelling house, or private garage and the construction of all dwellings or garages shall not be begun until and unless plans, specifications and location for the same are submitted to the grantor or its successors and have received its or their approval in writing.

> "1. All dwellings shall be set back from the street upon which the premises front not less than 20 feet; and all garages shall be set back not less than 70 feet; and garages on corner lots shall be set back not less than 20 feet from the side street, and no dwelling shall be built on a plot having a frontage of less than 30 feet on the street on which the plot fronts and no dwelling shall cost less than $2,500."

The defendants erected a one-story rectangular garage, sixteen by twenty-nine feet, astride the division line of two lots, the narrow side facing the street, and sixty-eight and twenty-one one hundredths feet on one and sixty-two and three one-hundredths feet on the other end, back. It does not set squarely in the lots, but the shorter distance back is mainly due to a sharp angle in the course of the street. One complaint is that plans were not first submitted and there was no written approval; another, that the garage is not seventy feet back, and a third, that the rear half of the garage is partitioned into two living rooms.

It is questionable whether compliance with the first could be exacted of an owner of a building conforming to the other covenants. If so, the complainant might prevent any owner from building; besides, the covenant has a peculiar pertinency to the erection of buildings under dispensation of the scheme reserved to the complainant. However that may be, the complainant had notice as the building of the garage progressed and of its location and, though protesting, made no move for judicial restraint and now it is too late. *Smith* v. *Spencer, 81 N. J. Eq. 389.* The remaining complaint relates to the use and not to the character of the structure, and the case cited by the complainant (*Cornish* v. *Wiessman, 56 N. J. Eq. 610*), is not in point. The covenant there involved restricted the use of the building. It is conceded that the building is structurally a garage. Partitioning the rear into rooms and separating them from the automobile stall does not alter the character of the structure; many modern garages are thus subdivided and occupied by the help without loss of distinction. If the defendants choose to live in a garage, that is their business; there is no covenant that they shall not. It does not appear that they have; the complainant says they intend to. The complainant has no right to restrain the use of the defendants' land beyond the clear

import of the covenants. Courts of equity do not aid one man to restrict another in the use to which he may put his lands, unless the right to such aid be clear. *Fortesque v. Carroll, 76 N. J. Eq. 583.*

The bill will stand dismissed.