MARGARET RITZENTHALER and Others, ·Plaintiffs, *v.* EMILY G. STEHLER, Defendant.

Supreme Court, Monroe County, March 27, 1939.

*Mann, Strang, Bodine & Wright,* for the plaintiffs.

*Draper, Miller & Miller,* for the defendant.

VAN VOORHIS, J. The action is to prevent the defendant from maintaining what is termed a combined dwelling and garage upon the rear of her lot in the Payne Beach Subdivision, in the town of Greece, Monroe county, N. Y. The question is whether the building violates restrictive covenants applicable to the lots in the tract. Defendant does not dispute that these restrictions apply to her lot, or that the plaintiffs are entitled to enforce them if they have been violated.

Defendant's lot, together with other similar lots in the subdivision, fronts upon Lake Ontario, and is bounded at the rear by a road running parallel to the lake. It is 69.92 feet wide in front and 54.88 feet wide in rear and 160 feet deep. Defendant for some time maintained an expensive summer home upon the front portion of the premises and a one-story private two-car garage at the rear. It is not contested that these buildings conformed to the restrictions when they were erected. In the fall of 1938

defendant altered the garage by making it five feet longer for the storage of cars and by the construction of a second story consisting of living room, two sleeping rooms with a toilet and wash bowl and a porch for the occupancy of a chauffeur and his wife and daughter.

The building restrictions provide, in so far as material: " No building shall be erected on said lot other than a cottage or dwelling, except that a garage for private use only may be erected on the rear half of said lot.  *  *  *  Said cottage or dwelling shall be built on the front half of said lot."  Whether this restriction was violated depends upon whether the alterations made to the garage in 1938 deprive it of its character as a garage for private use only. That is the only type of building that may be erected upon the rear portion of the lot, and if the alterations converted it into a dwelling, plaintiffs are entitled to succeed.

Few authorities are available upon the subject.  In *Fire Department* v. *Buhler* (1 Daly, 391, 394) it was stated: " A building erected for a store or warehouse does not become a dwelling house though a place may be fitted up in it for persons to sleep in; nor does one originally erected as a dwelling house, cease to be such, though a part of it has been converted into a store."  That statement, partly obiter, points the way.  Our courts have since followed the second clause by deciding that the addition to a house of a structure for the storage of the owner's automobile does not change its nature as a dwelling nor violate restrictive covenants forbidding a garage.  (*Sullivan* v. *Sprung*, 170 App. Div. 237; *Beckwith* v. *Pirung*, 134 id. 608.)  By the same token, if the building was erected for and remains primarily adapted to the purposes of a garage for private use, its character as such has not been changed. Under the language of the restriction the construction and the use of the building must be taken into consideration.  A restrictive covenant against the erection of certain types of building limits the use as well as the construction (*Cromwell* v. *American Bible Society*, 202 App. Div. 625), and if as a result of sale, lease or otherwise these rooms shall at any time be devoted to a purpose other than one which is subsidiary to the use of the building as a private garage in the service of the dwelling on the front portion of the lot, then different questions will be presented.  The courts will be quick to detect and prevent such buildings being used as a camouflage to evade the purposes of the tract restrictions.  There is nothing to indicate the existence of such an intention on the part of the defendant.  She and her unmarried sister and brother occupy the residence upon the premises during the summer season. None of them operates an automobile.  The chauffeur for whose

convenience the work was done has been in their employ for eighteen years. To a person who does not drive an automobile a chauffeur is as necessary to its operation as gasoline or oil, and to make reasonable provision for the one is as much incidental to the use of a private garage as the proper storage of the other. The fact that it is contemplated that the chauffeur's wife will do some housework is collateral to the main purpose. It is not intended to imply that occupancy by house servants alone would violate the restrictions.

The foregoing appears to be in harmony with decisions of other States. In *Crofton* v. *St. Clement's Church* (208 Penn. St. 209; 57 A. 570) it was held that the addition of living quarters for clergy did not convert a church parish house into a dwelling. " The general character of the whole building is far from being a dwelling house, and, recurring again to the words of the restriction, to be read with every doubt resolved in favor of the appellees' right to the fullest use and enjoyment of their property, they ought to be read as referring to a building used or occupied as a whole as a dwelling house " (pp. 213, 214). The rule of strict construction applies in New York with equal force. (*Sullivan* v. *Sprung, supra; Clark* v. *Jamnes,* 87 Hun, 215, 216; *Wilmot* v. *Gandy,* 122 Misc. 571). In *Goater* v. *Ely* (80 N. J. Eq. 40; 82 A. 611) and *Matthews* v. *Captain* (99 id. 636; 134 A. 359), relied upon by plaintiffs, the use of rooms by a chauffeur as incidental to garage purposes was not considered, and the structures were built essentially as houses with residential characteristics predominant. In the latter case the building had been rented for that purpose. The same court which made both of those decisions had occasion in 1932 to pass upon a case more nearly resembling in principle the one at bar, stating: " It is conceded that the building is structurally a garage. Partitioning the rear into rooms and separating them from the automobile stall does not alter the character of the structure; many modern garages are thus subdivided and occupied by the help without loss of distinction." (*White & Hess, Inc.,* v. *Schwartzbacker,* 110 N. J. Eq. 115, 116; 159 A. 311.)

Other factors determine what is a dwelling in burglary and arson cases, and decisions upon those subjects are not controlling.

It is held that the building as altered continues to be a garage for private use, and that the purposes for which it is proposed to be employed do not violate the restrictions. The complaint is dismissed, with costs, but without prejudice to injunctive relief in event that the second story shall be rented out or otherwise applied to some purpose inconsistent with that of a garage for private use.