## COATES v. CULLINGFORD.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. COVENANTS (§ 79*)—RESTRICTIONS AS TO USE—PERSONS ENTITLED TO EN-
FORCE.

The owner of a tract of land, which was laid out by him in blocks and lots, conveyed a portion of it abutting on a certain street with a covenant on the part of the grantee with the grantor and his grantees who might, at any time, own any of the land laid down on the map, and which might be enforced by any of them, not to erect any dwelling nearer than 20 feet to the street line. Thereafter the owner conveyed a lot abutting on the street and adjoining the previous parcel, the deed providing that no dwelling or store should be nearer than 10 feet to the street line; the latter parcel being on a corner. *Held*, that those claiming under the grantee of the latter parcel were entitled to enforce performance of the covenant in the deed conveying the former parcel.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 78–82; Dec. Dig. § 79.*]

2. INJUNCTION (§ 62*)—RESTRICTIONS AS TO USE—ENFORCEMENT.

The owner of the latter parcel, having violated the covenant in the deed under which he claimed, could not enjoin violation of the covenant by the adjoining owner.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–142; Dec. Dig. § 62.*]

Appeal from Special Term, Queens County.

Action by Carrie B. Coates against Howard J. Cullingford. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

R. W. Kellogg, for appellant.
Edward L. Frost, for respondent.

BURR, J. In 1886 Albon P. Man, William Man, and Mary E. Man purchased a large tract of land situated at Richmond Hill, in Queens county. The land was conveyed to them as joint tenants, with a provision that any two of them might execute deeds thereof, and was laid out by them in blocks and lots. Subsequently, and in the same year, Albon P. Man and William Man conveyed a plot of ground to the Richmond Hill Christian Association. Through various mesne conveyances plaintiff now owns a part of said land situated on the westerly side of Park street, 83 feet 8 inches southerly from Myrtle avenue. The deed to the Richmond Hill Christian Association contained a covenant as follows:

"And the party of the second part, for itself, its successors, heirs, and assigns, doth hereby covenant to and with the parties of the first part, and each of them, as well for their own use as for the use of each and all persons who may purchase or derive title through or from them to any part of the tracts of land laid down on the aforesaid map, that neither the party of the second part nor its successors or assigns shall or will at any time hereafter erect or permit, upon any part of the land conveyed by the present indenture, * * * any dwelling nearer than 20 feet to the line of any street, road, or park, nor any barn, stable, or other outhouse nearer than 40 feet to the line of any street, road, or park, laid out or which may be laid out

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the property embraced in said map, and, further, that the present covenants on the part of the party of the second part shall run with the land intended to be affected thereby, and shall inure to the benefit of parties of the first part and each of them, and of their grantees, who may at any time own any of the land laid down on said map, and may be enforced by any of them by action, injunction, or otherwise."

In 1893, Albon P. Man having died, Mary E. Man and William Man, the surviving joint tenants, conveyed a part of the tract originally conveyed to them to George A. Blake. This land adjoined that theretofore conveyed to the Richmond Hill Christian Association on the south, and was likewise situated on the westerly side of Park street and on the northerly side of Jamaica avenue. This deed also contained a covenant the same in substance and almost identical in language with the covenant hereinbefore set forth, except that it provided that no dwelling or store should be nearer than 10 feet to the line of any street. Defendant is now the owner of a lot on the northwest corner of Park street and Jamaica avenue, which she acquired by various mesne conveyances from Blake. Each of said conveyances was made expressly subject to said covenant of restriction. The Mans conveyed all of the land upon the west side of Park street, between Jamaica avenue and Railroad avenue, the street beyond Myrtle avenue, to various persons by deeds containing similar covenants. Defendant is about to violate said covenant by erecting on his land a building which will not stand back 10 feet from the westerly line of Park street.

In this action, which was brought to restrain such violation, plaintiff was defeated. The learned court at Special Term held that the covenants above referred to did not inure to plaintiff's benefit and that she could not enforce the same.

[1] In its first conclusion we think that the court erred. It is entirely clear that the restrictive covenants contained in the several deeds above referred to were entered into with the design to carry out a general scheme for the improvement or development of the real property owned by the Mans and shown on the maps referred to in said deeds as laid out into blocks and lots. In its express language the covenant runs to the Mans "as well for their own use as for the use of each and all persons who may purchase or derive title through or from them to any part of the tracts of land laid down on the aforesaid map," being the map described in said deeds. The further language of the covenant is that it shall "inure to the benefit of parties of the first part and each of them, and of *their grantees, who may at any time own any of the land laid down on said map, and may be enforced by any of them by action, injunction, or otherwise.*" In each case the covenant may be enforced by any of the owners of land shown thereon, upon the theory that there is a mutuality of covenant and consideration, which binds each and gives to each the appropriate remedy. McDougall v. Schneider, 134 App. Div. 208, 118 N. Y. Supp. 861.

"Such covenants are entered into by the grantees for their mutual protection and benefit, and the consideration therefor lies in the fact that the diminution in the value of a lot burdened with restrictions is fully or wholly

offset by the enchancement in its value due to similar incumbrances upon all the other lots in the same tract." Korn v. Campbell, 192 N. Y. 490, 85 N. E. 687, 127 Am. St. Rep. 925; Silberman v. Uhrlaub, 116 App. Div. 869, 102 N. Y. Supp. 299.

It is true that in the deed to the Richmond Hill Christian Association the covenant forbids the erection of "any *dwelling* nearer than *20* feet to the line" of Park street, and that in the deed to Blake the covenant forbids the erection of "any *dwelling or store* nearer than 10 feet to the line of said street." This variance does not necessarily militate against the view above expressed, for it may well be that as to the corner property, which was conveyed to Blake and might be better adapted to the purposes of a store than a dwelling, such a variance would be in furtherance of a general scheme of improvement rather than otherwise.

[2] But defendant interposed as a defense that plaintiff had violated the covenant in the deed under which she claims, in that upon her land was erected a building nearer than 20 feet, and in fact within 10 feet, of the line of Park avenue, and the court has so found, and that such building consisted of a store and dwelling. In the face of such finding we do not see how plaintiff can recover. There was some evidence that the parties who are the present owners of the land to the north of defendant's property, and between it and Railroad avenue, the whole of which was included in deeds containing the "20 feet" covenant, had entered into an agreement modifying such covenant, and that thereafter all of said land had been built upon and is now occupied by stores and dwellings built to a point within 10 feet of the line of Park street. But defendant did not execute such agreement, and is not bound by the terms thereof. In demonstrating the error of the court at Special Term in regard to the force and extent of the covenants in the Man deeds, plaintiff has argued herself out of court. If plaintiff is entitled to enforce the covenant in the deed to Blake as against defendant, defendant is also entitled to enforce the covenant in the deed to the Richmond Hill Christian Association against plaintiff. Plaintiff may not ask a court of equity to grant injunctive relief against the violation of the former covenant, while she herself is violating the latter without the consent of one entitled to the benefit thereof.

The judgment should be affirmed, with costs. All concur.