Squiers, J.
The plaintiff in this action seeks an injunction restraining the defendants from erecting three dwellings on a plot eighty feet in width on the northerly side of Howard street, Woodhaven, Queens county, N. Y. The case is submitted to the court for determination upon an agreed statement of facts. The plaintiff owns the premises immediately in the rear of the defendants’ premises and facing on Windom street, on which plaintiff’s residence is situated. The plaintiff’s premises are forty feet on Windom street by one hundred feet in depth. It is conceded that the plaintiff and defendants hold their respective lots subject to a covenant which reads as follows:
*251 “And the said parties of the second part, for themselves, their heirs and assigns, covenant with the party of the first part, their heirs and assigns, as follows:
“ That the property hereby conveyed shall not be divided in plots or lots less than forty feet wide.
“ That only one house shall be erected on a plot.
“ No part of house to be erected upon the property hereby conveyed shall stand less than fifteen feet from the' street line in front of said house.
‘ ‘ That no business of any description shall be conducted upon the property hereby conveyed, except that portion fronting on Jamaica Avenue.
“ No liquor shall be sold on any part of the premises hereby conveyed.
“ That no pig sty, cow shed, slaughter house or livery stable shall be allowed upon the property hereby conveyed.
‘' That any and all houses erected on said premises shall cost not less than $3,000;
“ The foregoing shall be real covenants running with the land until January 1, 1925, when they shall cease and determine.”
It is admitted that the veranda of the plaintiff’s house extends to within thirteen feet of the street line, and therefore encroaches two feet on the fifteen-foot restriction, and also, as stated in the plaintiff’s brief, “ all the remaining houses on the south side of Windom street are on the same line, the only difference being that the porches of the other houses are seven feet instead of eight feet in width; in other words, every house on the southerly side of Windom Street encroaches either one foot or two feet into the 15 foot set back area by reason of the width of their front porches.”
The defendants before commencing to erect the three *252 houses on their premises on Howard street procured, a release from the covenant from all the owners on Howard street as to the restriction limiting the building of a house on a plot forty feet wide, which release has been recorded in the office of the clerk of the county of Queens. In this release it does not appear that the owners whose property faces on Windom street join.
The defendants urge that the plaintiff having admitted violating the covenant himself by extending his house into the restricted area two feet is estopped, and has no standing in equity, in an action to secure an injunction against the defendants for the violation of the covenant. The plaintiff, while admitting the encroachment of two feet into the restricted area of fifteen feet, contends that it is not a substantial violation of the covenant. It is my opinion that it is a substantial violation of the covenant and that the owners of all the houses facing on Windom street have admittedly violated the covenant and that the violation is a substantial violation. The plaintiff is not in position to insist on a strict observance of the covenant by the defendants which he himself has violated. Discussing for a moment the plaintiff’s contention that an encroachment of two feet upon a restricted set back of fifteen feet is not a substantial violation of the covenant, it would be pertinent to ask what then would be a substantial violation — where should the line be drawn? If it be contended that two feet is not a substantial violation would four feet be a .substantial violation? The plaintiff does not urge any objection to the style or character of the houses which the defendants contemplate erecting; he seeks an enforcement of that part of the covenant which provides that the property shall not be divided into plots less than forty feet wide, and that only ohe house shall be erected on' a plot.
*253 In conclusion the plaintiff should not he permitted to restrain the defendants because he himself has violated the building restriction relied upon. Adams v. Howell, 58 Misc. Rep. 435; Coates v. Cullingford, 147 App. Div. 39.
The defendants should, therefore, have judgment.
Ordered accordingly.