### REEVES et al. v. PECOS COUNTY WATER IMPROVEMENT DIST. NO. I et al.
(Motion No. 7838; No. 822–4867.)

Commission of Appeals of Texas, Section B.
May 30, 1928.

Waters and water courses ☜247(2)—Land-owners held entitled to restrain water improvement district from enlarging rights to detriment of those acquiring vested rights under general plan.

Where deed to water rights from original owners of land contained restrictive clause that such water was not to be used on any other land not included in blocks, landowners *held* entitled to restrain water improvement district from enlarging their rights under the general plan and scheme to have all water owned by district applied to land in original area in accordance with general purpose and plan under which such land and water rights were sold.

On motion for rehearing. Rehearing denied.

For former opinion, see 299 S. W. 224.
See, also, 293 S. W. 923.

Howell Johnson, of Ft. Stockton, W. A. Wright, of San Angelo, and William Blakeslee, of Austin, for plaintiffs in error.
J. E. Starley, of Pecos, and R. D. Blaydes and J. G. Montague, both of Ft. Stockton, for defendants in error.

SHORT, P. J. It is vigorously insisted in the motion for rehearing that the effect of our decision is to deprive defendants in error of the value of the water rights owned by them, that plaintiffs in error have no interest in where the water covered by their water rights is used, and would suffer no damage by reason of their use of the water on other and different lands from those to which such water rights were restricted.

We think this insistence is due to a misconception by defendants in error as to the extent of the water rights held by them. They are insisting upon an enlargement of such rights instead of the preservation of their existing rights.

It appears that the formation of blocks 1, 2, and A was a result of the general scheme adopted by the owners of the land and the water company to limit the supply of said water to said area of land as the guaranty to purchasers of the land out of this subdivision that the water rights appurtenant thereto would be used exclusively thereon. The deed from the original owners of the land to water rights contained the restrictive clause that such water was not to be used on any other land not included in said blocks. Under this general scheme it was implied in each deed that the purchaser had the right to allow and enforce these restrictions and was entitled to, have the general plan and scheme carried into effect. Curlee v. Walker, 112 Tex. 40, 244 S. W. 497; Hooper v. Lottman (Tex. Civ. App.) 171 S. W. 270.

It is urged that a court of equity should not enjoin defendants in error from using water under their water rights on other lands than those to which the rights were restricted, for the reason that no injury was alleged as resulting to plaintiffs in error, and, in the absence of such showing plaintiffs in error were not authorized to invoke the equitable powers of the court. Defendants in error's petition contained a direct allegation that the order diverting the water to other lands would leave an inadequate supply for the other lands in the district. Under the original plan, the effect of the restriction was that, if any land in the area in question should fail for any reason to use the water to which it was entitled, the remaining landowners in the area would be entitled to use the same, as it was contemplated that all of the lands in said area were entitled to use all of the water covered by the water rights incident thereto. If there was lack of a sufficient supply for all of the lands, then each owner would be decreased pro rata, but, if some owner failed to use the same, the remaining owners would be entitled to the benefit thereof if there should be a lack of sufficient water to supply their wants.

Defendants in error are not deprived of any rights by being prevented from using water to which they are entitled by virtue of their water rights, for the reason that the rights held by them have never entitled them to any water except for the purpose of using it upon specified tracts of land contained in the blocks in question, and they should not be permitted to enlarge their rights to the detriment of those who have acquired vested rights under the general plan and scheme to have all of the water owned by the district applied to the land in the original area in accordance with the general purpose and plan under which such land and water rights were sold.

We recommend that the motion for rehearing be overruled.