Joseph N. Lo Medico et al., Plaintiffs, *v.* John T. Conway et al., Defendants.

Supreme Court, Special Term, Nassau County, July 12, 1951.

*Myer F. Goodman* for plaintiffs.

*Walter J. A. Mack* for John T. Conway and another, defendants.

PETTE, J. Plaintiffs commenced this action, pursuant to the provisions of article 15 of the Real Property Law, for a decree canceling and discharging of record a certain restrictive covenant, prohibiting the use of plaintiffs' property for purposes of trade or business. Four defendants have joined the plaintiffs, seeking similar relief with respect to several parcels of property affected by said restriction.

In determining whether a court of equity will compel observance of a covenant restricting the use and occupancy of land, each case must depend upon the facts which it presents.

A brief summary of the facts herein is as follows. Plaintiffs purchased their property situated in Oceanside, County of Nassau, in October, 1932, acquiring title subject to the restrictive covenant which, in substance, prohibits the user thereof for trade or business. The cross complainant defendants acquired their respective titles between 1925 and 1935. Plaintiffs' property and that owned by the cross complainants are located on the east side of Long Beach Road, Oceanside, within the three block frontage on Long Beach Road comprising the Rockville Ridge development. At the time said parties acquired title to their respective properties, the neighborhood was almost exclusively a quiet residential area.

Thereafter, with the passing of intervening years, the neighborhood underwent a great change. Long Beach Road today is a paved four-lane concrete highway, and an important arterial road, accommodating heavy automobile traffic which accompanied the great development of suburban communities in Long Island. Business has encroached upon this area and the land to which the covenant related was no longer a desirable location for residences. Of the three houses on Long Beach Road, across from the property, which existed at the time of the original development, two of them have been converted, in part, to business use, i.e., an antique shop and a laundry. Another building of later construction has been converted into a beauty parlor. Subsequent events brought into existence, since complainants acquired title, the following: — on the west side of Long Beach Road, a lot for storing building supplies, beauty salon, antique shop, laundry, lot for storing plumbing supplies,

auto parts, used car lot, sign manufacturer, welding and metal products shop, beer distributor, carpet cleaning, ignition service, auto works and tavern.

In the past years, the west side of Long Beach Road (opposite the property) was zoned "business" by the Village of Rockville Centre. In addition thereto, many applications for variances for the use of property have been granted.

Upon the facts found in this case, it would, in my opinion, be inequitable to refuse the relief asked for by plaintiffs.

The findings are, that the object which the parties to the covenant originally intended to accomplish, has practically been defeated in the lapse of time. Under the circumstances now existing, the restrictive covenant is no longer effective for the purpose in view when originally created, and the enforcement thereof cannot restore the neighborhood making it desirable for private residences. It would be inequitable to deprive plaintiffs of the privilege of conforming their property to that prevailing in similarly situated property in the area, so that they could use it to greater advantage, and in no respect to the detriment of the defendants. (*Trustees of Columbia Coll.* v. *Thacher,* 87 N. Y. 311.)

I believe the instant case is governed by the decision of the Court of Appeals in *McClure* v. *Leaycraft* (183 N. Y. 36) where there was a covenant against the erection on defendant's lands of "any tenement, apartment or community house". The court found that many apartment and tenement houses had been erected in the vicinity of the defendant's property subsequent to the date of the covenant, that the character of the neighborhood had undergone a change, and that the enforcement of the covenant would cause great damage to the defendant and would not benefit the plaintiff.

A court of equity will not do an inequitable thing. It is not bound by the rigid rules of the common law, but is founded to do justice, when the courts of law, with their less plastic remedies, are unable to afford the exact relief which the facts require. Its fundamental principle, as its name implies, is equity. All of the facts and circumstances herein present an overwhelming demonstration of the inequity and injustice of enforcing the restrictive covenant which would confer little benefit on a few, but would inflict much damage and hardship on plaintiffs. (*Batchelor* v. *Hinkle,* 210 N. Y. 243; *McClure* v. *Leaycraft,* 183 N. Y. 44, *supra; Goodhue* v. *Cameron,* 142 App. Div. 470; *Pagenstacher* v. *Carlson,* 146 App. Div. 738, 740; *Kitching* v. *Brown,*

180 N. Y. 414; *Lattimer* v. *Livermore,* 72 N. Y. 174; *Coates* v. *Cullingford,* 147 App. Div. 39; *Bull* v. *Burton,* 227 N. Y. 101; *Forstmann* v. *Joray Holding Co.,* 244 N. Y. 22.)

I find on the law and on the facts, and in the exercise of a sound discretion, that it would be equitable to grant the relief sought in the complaint and cross complaints. This decision will stand as the findings, but if any formal findings are necessary to the judgment hereinabove indicated, same are hereby made.

Submit judgment on notice.