William J. Crangle, J.
Plaintiffs seek to enforce covenants contained in their deeds restricting to residential purposes only the use of all lots sold from a real estate development known as Hillcrest in Warren County. The defendant, whose land is in the Hillcrest development and is subject to the same covenant through mesne conveyances from their common grantor, Port Amherst Realty Co., Inc., is using her property as an insurance office. It was formerly used as a residence and still retains the appearance of a residence, except for a sign advertising the nature of the business conducted there. She claims that the covenant should not be enforced in equity because the character of the neighborhood surrounding Hillcrest has changed and is now predominantly of a commercial nature unsuitable for residential use.
When the development map was filed in the County Clerk’s office in 1952 Aviation Road bounding the property on the south was a quiet country road. A street called School House Road was laid out in the subdivision running northerly from Aviation Road and branching into two other streets called June Drive and Vista Court. In accordance with the map lots were developed along these streets. Of the 40 lots in the subdivision only 7 were laid out adjacent to Aviation Road. The rest of the lots lie northerly of those along Aviation Road and are sheltered from the activity on that road by the intervening lots.
Defendant and her husband purchased one of the lots on Aviation Road in 1955 and occupied it as a residence until 1966. The premises adjoining plaintiffs’ property to the east on Aviation Road is still occupied as a residence in conformity with the covenants as are all of the other lots in Hillcrest.
Commencing in the year 1959 changes began to take place in the area which have greatly increased the traffic on Aviation Road and which have brought people in large numbers into the area both to build residences and to conduct commercial establishments. The principal impetus to these changes was the construction of the Northway, a major four-lane highway which runs through the westerly portion of Hillcrest eliminating several of the original lots along Aviation Road and leaving the westernmost lot severed completely from the remainder of the *506 development. This highway has an entrance and exit at Aviation Boad which as a result has become one of the main access roads to the City of G-lens Falls. Along Aviation Boad many commercial activities have sprung up. Motels, restaurants and gas stations abound. Nearby on an intersecting highway two large shopping centers have been built. Across Aviation Boad from the defendant’s house is a Howard Johnson Bestaurant and Motel.
During the same period the area continued to grow as a major residential area. Grlen Acres which adjoins Hillcrest to the east, but not abutting Aviation Boad, is a development with 100 residences. Additional residences have been erected in or near Hillcrest. The general area apart from the mainstream of traffic on Aviation Boad is still eminently suitable and desirable for residential purposes and is being used for this purpose.
Thus, Hillcrest development, though overlooking to the west from a comfortable distance the moving traffic on the Northway, is bounded on the north and east by residential areas and is threatened only from the direction of Aviation Boad where commercial properties have been built. Under these circumstances I find that the character of the neighborhood has not changed to an extent which makes the restrictions in defendant’s deed unenforeible in equity.
Defendant’s property is still useable and marketable for residential purposes. It consists of an attractive single-family dwelling set well back from the street amidst a lawn and trees. The residence to the east is similar and the Northway area to the west is landscaped and well maintained. Though traffic on Aviation Boad has greatly increased, only the Howard Johnson establishment and a gas station of all of the commercial buildings above mentioned can be seen from defendant’s home. When she purchased her property she knew she would be living close to a public road and that she would have no control over the use of the property across the road or on either side of her beyond the confines of Hillcrest. She knew she could rely upon the restrictive covenants governing the Hillcrest property, and she accepted the buffer zone position as did the others who bought those few lots of Hillcrest along Aviation Boad. She cannot now fairly say that enforcement of the covenants would cause great damage to her and would not benefit the plaintiffs as was the case in Trustees of Columbia Coll. v. Thatcher (87 N. Y. 311), in McClure v. Leaycraft (183 N. Y. 36) and in Lo Medico v. Conway (201 Misc. 663).
*507 On the contrary failure to enforce the restriction would be the opening wedge which would eventually allow the commercial activities on Aviation Road to infiltrate the whole area. It is an obvious benefit to plaintiffs to prevent this. It was against this danger that the restrictive covenants were designed. They still are of actual and substantial benefit to the owners of property in the subdivision. (Hayes v. Koch, 27 A D 2d 633.) Judgment for plaintiffs in accordance with the relief and declarations requested in the complaint.