

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00090-CV

---

JOE BURKETT, CAROLYN A. BURKETT, RANDY WILLIAMS, BRYON ROSS BAIRD, DR. NINA SPEAIRS, WILLIAM WADE, BOBBY SIDES, MARSHA SIDES, DANIEL HOENIG, MARGARET HOENIG, FRANK REED, KAREN L. REED, STEPHEN VANDEKIEFT, STEPHANIE VANDEKIEFT, ADAM SIEGEL, CAROL SIEGEL, RAN SHNITZER, JASON WEISER, SHERRIE WEISER, RONALD L. CULP, RHONDA J. CULP, CINDY L. REHOR, RON L. RUSSELL, DONNA M. RUSSELL, DAN E. PETERSON, LILLIAN J. PETERSON, JOHN LEONE, STEPHEN O'BRIEN, RHONDA M. O'BRIEN, AND THOMAS DIETER

APPELLANTS

V.

LAKE COUNTRY PROPERTY OWNERS ASSOCIATION, INC.

APPELLEE

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

# MEMORANDUM OPINION[1]

----------

Appellants[2] own properties in Lake Country Estates, an addition in Tarrant County. They sued Appellee Lake Country Property Owners Association, Inc. (LCPOA) because it "attempt[ed] to enforce [an] invalid restriction against them." The trial court granted LCPOA's motion for summary judgment. Appellants now appeal. We will affirm.

In February 1971, the Amon G. Carter Foundation conveyed by warranty deed the land known as Lake Country Estates to Lake Country Estates, Inc. In August 1971, Lake Country Estates, Inc. filed a Dedication and Restrictions for Lake Country Estates. The restrictions are binding on those who own property in Lake Country Estates, and they run with the land.

---

[1]*See* Tex. R. App. P. 47.4.

[2]Appellants are Joe Burkett, Carolyn A. Burkett, Randy Williams, Bryon Ross Baird, Dr. Nina Speairs, William Wade, Bobby Sides, Marsha Sides, Daniel Hoenig, Margaret Hoenig, Frank Reed, Karen L. Reed, Stephen Vandekieft, Stephanie Vandekieft, Adam Siegel, Carol Siegel, Ran Shnitzer, Jason Weiser, Sherrie Weiser, Ronald L. Culp, Rhonda J. Culp, Cindy L. Rehor, Ron L. Russell, Donna M. Russell, Dan E. Peterson, Lillian J. Peterson, John Leone, Stephen O'Brien, Rhonda M. O'Brien, and Thomas Dieter.

Also in August 1971, articles of incorporation were filed for Lake Country Estates Owners Association.  In 1983, Lake Country Estates Owners Association forfeited its charter.[3]  A year later, articles of incorporation were filed for LCPOA.[4]

In 1998, Lake Country Estates, Inc. conveyed by special warranty deed Lot A, Block 32 of Lake Country Estates to LCPOA.  Lake Country Estates, Inc. also conveyed by quitclaim deed "Open Green" properties within the subdivision to LCPOA.  In 1999, Lake Country Estates, Inc. assigned its dedicator rights to LCPOA.

Appellants filed their original petition for declaratory and injunctive relief in September 2011, alleging (1) that LCPOA did not have the authority to enforce any restrictions because it was not a properly created "Homeowners Association" and (2) that even if LCPOA was legally created, property owners in Lake Country Estates had previously adopted a particular interpretation of a restriction involving boats, boat trailers, and recreational campers, and LCPOA was estopped from enforcing the restriction in a manner other than as interpreted by the property owners.  LCPOA moved for summary judgment on each of Appellants' claims, and the trial court granted the motion without specifying the reasons for its ruling.

---

[3]LCPOA states that the Lake Country Estates Owners Association was a mandatory homeowners association.

[4]Unlike the previous association, LPCOA describes itself as a voluntary property owners association.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

Appellants argue in their third issue that the trial court erred by granting LCPOA summary judgment on Appellants' claim that LCPOA lacks the authority to enforce the restrictions. Appellants pleaded in their original petition that LCPOA was not legally created under chapter 203 of the property code and that sixty percent of the residents did not approve the association as required by section 204.006 of the property code. But as LCPOA points out, chapter 203 addresses a county attorney's ability to enforce restrictions, and chapter 204's population requirements are not met. *See* Tex. Prop. Code Ann. § 203.003(a) (West 2007), § 204.002 (West Supp. 2013). Thus, neither chapter has any application here, and the trial court did not err by granting LCPOA summary judgment on Appellant's enforcement claim.

4

Nonetheless, the general rule is that any person entitled to benefit under the terms of a restrictive covenant may enforce it. *Girsh v. St. John*, 218 S.W.3d 921, 923 (Tex. App.—Beaumont 2007, no pet.). This has been interpreted to mean that an interested property owner may sue to enforce a restrictive covenant. *Id.* Indeed, the Dedication here provides in relevant part,

> Dedicator, *or owners of any of the above land* shall have the right to sue for and obtain an injunction, prohibitive, or mandatory, to prevent the breach of or to enforce the observance of the restrictions and covenants above set forth, in addition to the ordinary legal action for damages . . . . [Emphasis added.]

LCPOA presented summary judgment evidence that in 1998, Lake Country Estates, Inc. conveyed by special warranty deed Lot A, Block 32 of Lake Country Estates to LCPOA. Therefore, LCPOA may enforce the restrictions in its capacity as a property owner.[5] Appellants' arguments that LCPOA has no authority to enforce the restrictions as the owner of common areas, or "Open Green" properties, are therefore inapposite. We overrule Appellants' third issue.

Appellants argue in their second issue that the trial court may have granted more relief than LCPOA requested if, in determining LCPOA's authority to enforce the restrictions, the trial court concluded (1) that LCPOA is the mandatory association expressly described in the Dedication, which has the power to enforce the restrictions, or (2) that LCPOA was properly operating pursuant to the dedicator rights that Lake Country Estates, Inc. assigned it in

---

[5]This memorandum opinion does not address LCPOA's authority, if any, to function in the place of Lake Country Estates Owners Association.

5

1999.  We have not held that the trial court properly granted LCPOA summary judgment for either of those reasons.  We overrule Appellants' second issue.

Appellants argue in their fourth issue that the trial court erred by granting summary judgment on their promissory estoppel claim.  Appellants point out that they filed thirteen affidavits in the trial court demonstrating that in 2005 and 2006, LCPOA conducted two meetings "whereby it established a method by which it would interpret the restriction governing boats and trailers."  That restriction provides that all boats, boat trailers, or recreational campers may be stored on the premises "so long as they are out of sight of the street fronting the residence," and Appellants claim that LCPOA announced the following interpretation for determining compliance therewith:  "[I]f the boat or trailer could not be seen when standing at a point in the center of the property along the street fronting the residence, then no violation would be recognized by LCPOA."  Pointing to several of the affidavits, Appellants state that a number of homeowners altered their respective properties "[i]n reliance on this interpretation by LCPOA."  Consequently, according to Appellants, LCPOA is estopped from enforcing the restriction in a manner other than as established at the 2005 and 2006 meetings.

Although primarily a defensive issue, promissory estoppel is also a cause of action available to a promisee who has acted to his detriment in reasonable reliance on an otherwise unenforceable promise.  *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965).  Thus, promissory estoppel is *not* applicable to a promise

6

covered by a valid contract between the parties. *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App.—San Antonio 2002, no pet.). If an alleged promise is part of a valid contract, the promisee cannot disregard the contract and sue for reliance damages under the doctrine of promissory estoppel. *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App.—Austin 2001, no pet.).

The deed restriction at issue here is a restrictive covenant. *See* Tex. Prop. Code Ann. § 202.001(4) (West Supp. 2013) (defining restrictive covenant). A restrictive covenant is a *contractual agreement* between the seller and the purchaser of real property. *Ski Masters of Tex., LLC v. Heinemeyer*, 269 S.W.3d 662, 668 (Tex. App.—San Antonio 2008, no pet.); *cf. Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998) (stating that restrictive covenants are subject to the general rules of contract construction). When an owner of a tract subdivides and sells the subdivided parcels to separate grantees, imposing restrictions on the use of each parcel pursuant to a general plan or scheme of development, each grantee may enforce the restrictions against each other grantee. *Ski Masters of Tex.*, 269 S.W.3d at 668; *see Hooper v. Lottman*, 171 S.W. 270, 272 (Tex. Civ. App.—El Paso 1914, no writ); *see also Davis v. Huey*, 620 S.W.2d 561, 565–66 (Tex. 1981) (explaining that a purchaser is bound by restrictive covenants attaching to the property of which he has actual or constructive notice).

Here, consistent with the law, the Dedication expressly confirms the contractual nature of the restrictions set forth therein, including the restriction at issue here involving boats, boat trailers, and recreational campers:

> The restrictions herein set forth shall run with the land and be binding upon the Dedicator, its successors and assigns, and all parties claiming by, through or under it shall be taken to hold, agree and covenant with the Dedicator and its successors in title, and with each of them, to conform to and observe all restrictions and covenants herein as to the use of said lots . . . .

Because the restriction is a valid contractual obligation to which Appellants are bound, promissory estoppel does not apply, including to allow Appellants to recover damages allegedly sustained in reliance on LCPOA's purported *interpretation* of the enforceable restriction. *See Richter*, 90 S.W.3d at 899. Promissory estoppel permits damages for justifiable reliance on an unenforceable promise, not an interpretation of an otherwise enforceable promise. Appellants' promissory estoppel claim has no other basis.[6]

While promissory estoppel is not a viable claim under these circumstances, Appellants are not without any remedy. As LCPOA argued in its motion for summary judgment, the Dedication provides a method for Appellants to amend the restrictions. It states,

> [A] majority of the owners of the fee title to the lots contained in this Dedication may agree to change or amend said covenants and

---

[6]All of the affidavits state that the affiants "do not believe that the enforcement of the covenant *under any other interpretation* would be fair after [we had] relied upon what the member[s] of this organization had previously stated." [Emphasis added.]

restrictions, in whole or in part, by executing and acknowledging an appropriate agreement in writing for such purpose and filing the same in the manner then required for recording land instruments at least one (1) year before the expiration of the first twenty-five (25) year term or the expiration of any subsequent fifteen (15) year period thereafter.

Appellants may therefore seek to amend the restriction regarding boats, boat trailers, and recreational campers. We hold that the trial court did not err by granting LCPOA's motion for summary judgment on Appellants' promissory estoppel claim. We overrule Appellants' fourth issue.

In their "Issues Presented" section, Appellants' first issue questions whether the trial court erred by granting a general summary judgment. To the extent that this issue is not subsumed by one of Appellants' other issues, Appellants provide no argument or analysis to support it. It is therefore waived. *See* Tex. R. App. P. 38.1(i) (requiring a clear and concise argument for the contentions made with appropriate citations). We overrule Appellants' first issue.

Having overruled all of Appellants' issues, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: April 17, 2014

9