**M. S. FINLEY et al., Appellants,**

v.

**R. W. CARR et al., Appellees.**

**No. 3213.**

Court of Civil Appeals of Texas.

Waco.

Nov. 18, 1954.

Rehearing Denied Dec. 16, 1954.

440

Mixson, Haley & Bates, Waco, for appellants.

Scott, Wilson & Cureton, Waco, for appellees.

TIREY, Justice.

This suit involves the construction of restrictions in a deed. Plaintiffs, who are the appellees here, are the owners of lots on the south side of Homan Avenue between 33rd and 35th Streets, and the defendants are the owners of lots on the north side of Bosque Boulevard between 33rd and 35th Streets, this property being located in Blocks 30 and 31 in Highland Place Addition to the City of Waco, plaintiffs' property constituting the north one-half of said blocks which front north on Homan Avenue and extending to the south to an alley; defendants' property constituting the south one-half of said blocks fronting south on Bosque Boulevard and extending north to the alley. Plaintiffs brought this suit to enforce by declaratory judgment and injunction restrictive covenants contained in the deeds to each of defendants' lots, alleging in effect that such provisions restricted the use of each lot to residential purposes only. The defendants, for themselves and as representatives of a class (all property owners in Highland Place Addition to the City of Waco) answered and filed cross actions seeking a declaratory judgment to the effect that all lots in Highland Place Addition are free of the restrictions contained in the deeds.

The jury in its verdict found substantially (1) that a general plan or scheme was adopted for the development of Highland Place Addition that restricted substantially all lots in the Addition to use for residential purposes only; (2) that there has not been a change of circumstances, conditions and surroundings as it relates to lots 8 through 14, block 31, and lots 9 through 16, block 30, Highland Place Addition after such restrictions were placed upon such lots.

The trial court granted plaintiffs' motion for judgment, and granted them the relief they prayed for and denied appellants all of the relief they prayed for. In the

judgment we find this recital: "* * * the court, after considering the pleadings, the findings of the jury, and the evidence, is of the opinion that the plaintiffs and cross-defendants are entitled to a declaratory judgment; that the defendants and cross-plaintiffs, and each of them, and the lots in Highland Place Addition to the City of Waco, which each defendant and cross-plaintiff owns, are bound by the restrictions in the respective deeds; that the lots will be used for residential purposes only." The court decreed that appellees have judgment against appellants and after naming them said: "* * * are each bound by such restriction, and that such restriction prohibits the use of said lots, or any part thereof, for business or commercial purposes, * * *."

Appellants seasonably filed their motion for new trial, and it being overruled, perfected their appeal.

The judgment entered is assailed on substantially the following points: (1) the court failed to submit the ultimate issue to the jury as to whether it was the intention of the original grantor and the respective grantees to such lots that such restrictions placed in the deeds should inure to the benefit of the vicinal lot owners, or whether such restrictions were personal as between the original grantor and his respective grantees; (2) that the answer of the jury to Special Issue No. 2 is not supported by the evidence; (3) that the court erred in failing to grant a new trial because there was no evidence to support the jury's answer to Special Issue No. 2; and (4) because the evidence is insufficient to support the jury's answer to Special Issue No. 2. We are not in accord with these views.

Appellees' reply is substantially to the effect that (1) the jury's finding that a general plan or scheme was adopted for the development of Highland Place Addition that restricted substantially all of the lots in the Addition to use for residential purposes only and this fact determined the ultimate issue of fact in the cause; and that any related issue not submitted must be presumed to have been found by the court in support of the judgment; (2) that the evidence is sufficient to support the jury's finding and on such verdict that no judgment could have been entered in favor of the appellants because the undisputed evidence showed that no changes of any consequence had taken place within the Highland Place Addition. We are in accord with these views.

A comprehensive statement is necessary. Highland Place Addition contains 36 blocks; 32 of the blocks were platted into a total of 426 separate lots; four of the blocks were not subdivided into lots but were sold to the Academy of the Sacred Heart, in part consideration of the grantee's agreement to erect and maintain a school for white children only; conveyance of these lots were made from 1911 through 1939. Pertinent to this discussion the property was owned by A. W. Koch and Jas. L. Mistrot as partners; the plat was filed for record July 25, 1911; on September 14, 1912 the partnership conveyed the property to A. W. Koch Company, a private corporation. The deed was expressly conditioned that the grantee in the sale of all lots bound itself, its successors and assigns, to specify in each deed the restrictions placed on each lot, including the restriction that it would be used for residential purposes only. Thereafter, 423 of the 426 lots were conveyed by deed, each containing the identical and uniform restriction set out in the deed to A. W. Koch Company, corporation. We quote the pertinent parts of the restriction:

"The conditions referred to above and upon which this conveyance is made is that, in the sale of all lots hereby conveyed, A. W. Koch Company, binds itself, its successors and assigns to specify in all deeds as follows:

"1st: That said lots shall be used for residential purposes only and by white persons only.

"2nd: That no residence shall be erected on said lot, if on Colcord Boulevard, which does not cost as much as $4000.00, exclusive of other buildings on said lot; that no residence shall be erected on said lot, if on Ethel or Parrott, which does not cost as much as $2000.00, exclusive of other buildings on said lot; that no residence shall be erected on said lot, if on Lasker or Homan and Bosque Boulevard, which does not cost as much as $1500.00, exclusive of other buildings on said lot.

"3rd: That the front line of any residence, meaning front line, of porch or any projection, not counting steps, which may be erected on said lot, shall be not less than 40 feet, and not more than 40 feet from the front line of said lot.

"* * * * * *

"8th: That these conditions and each of them shall run with said lot and bind the same in the hands of subsequent owners however remote, and should any of said conditions at any time be violated, the title to the said lots shall revert to the said A. W. Koch Company, the grantors, their successors or assigns, as the case may be."

Three deeds did not contain the foregoing restrictions. One was a deed to Highland Place Water Company obligating grantee to erect a water works, which it did and which still exists on the lot. Two correction deeds were executed without the restrictions, one to A. W. Koch dated April 18, 1913 and one to C. E. McGuffin dated March 3, 1925. The foregoing is taken substantially from appellees' brief and is not challenged. See Rule 419, Texas Rules of Civil Procedure.

Going back to appellants' Point 1 we find that it is appellants' contention that the court did not submit the ultimate fact issue in this cause because the issue submitted by the court did not inquire of the jury whether or not it was the intention of the developers of said Addition that vicinal lot owners should have any rights in the restrictions placed on the lots in the Addition; that it did not inquire of the jury as to whether or not it was the intention of the grantees of said lots from the developers that other vicinal lot owners should have the right to enforce the restrictions placed on such grantee's lots and that said issue did not inquire of the jury whether or not there was an intention on the part of the developers that a mutual covenant should exist whereby any lot owner would have the right to enforce such restrictions on the part of any other lot owner and by reason thereof this cause should be reversed and remanded.

■■■ Our view is that all of the evidence shows that the Addition in question was developed according to a general plan and scheme that restricted substantially all of the lots in the Addition to use for residential purposes only and the jury has so found. We are in accord with appellants' view that intention was the ultimate and controlling issue in the case at bar, but in finding this intention it is our duty to look first to the provisions of the deed with reference to this matter and there we find in Sec. 8, *"that these conditions and each of them run with said lot and bind the same in the hands of subsequent owners however remote,"* and should any of said conditions at any time be violated, the title to the said lots shall revert to the said A. W. Koch Company, the grantors, their successors and assigns, as the case may be." The foregoing language is concise, clear and comprehensive and is free from ambiguity and all doubt. Our Supreme Court has consistently held that where the provisions of the deed clearly disclose the intention of the grantor and grantee and such intention is free from ambiguity, that you cannot resort to extrinsic evidence to ascertain the intention. This doctrine was re-announced by our Supreme Court in Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451, points 6, 7 and 8, and cases there cited. It was the duty of the trial court to construe the deed and in so doing he was

bound by the following rules: "The governing rule" in the construction of a written instrument is that "every part of the instrument should be harmonized and given effect to, if it can be done." Hancock v. Butler, 21 Tex. 804. "The dominant purpose in construing a deed is to ascertain the intention of the parties as expressed in the deed itself; and such intention expressed therein is a controlling factor." See Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172, 1174, points 2, 3 and 4, and cases there cited.

 We think the rule applicable and controlling to the factual situation here before us is found in Hooper v. Lottman, Tex. Civ.App., 171 S.W. 270 (no writ history). In that opinion we find this statement: "*Whether a person not a party to a restrictive covenant has a right to enforce it depends upon the intention of the parties in imposing it. This intention is to be ascertained from the language of the deed itself, construed in connection with the circumstances existing at the time it was executed.*" The court, after further discussion, announces the following rule: "So the general rule may be safely stated to be that where there is a general plan or scheme adopted by the owner of a tract, for the development and improvement of the property by which it is divided into streets and lots, and which contemplates a restriction as to the uses to which lots may be put, or the character and location of improvements thereon, to be secured by a covenant embodying the restriction to be inserted in the deeds to purchasers, and it appears from the language of the deed itself, construed in the light of the surrounding circumstances, that such covenants are intended for the benefit of all the lands, and that each purchaser is to be subject thereto, and to have the benefit thereof, and such covenants are inserted in all the deeds for lots sold in pursuance of the plan, a purchaser and his assigns may enforce the covenant against any other purchaser, and his assigns, if he has bought with actual or constructive knowledge of the scheme, and the covenant was part of the subject-matter of his purchase." Surely, the restrictions in the deeds here under consideration and all the undisputed facts and circumstances tendered in evidence and the findings of the jury bring this cause within this general rule. Our Supreme Court in Curlee v. Walker, 112 Tex. 4, 244 S.W. 497, approved and applied this general rule to the disposition of the cause before it. The doctrine there announced has also been followed in other jurisdictions. See Pitts v. Brown, 215 S.C. 122, 54 S.E.2d 538; 4 A.L.R.2d 1369; 12 A.L.R.2d 399. This court had a similar factual situation before it in Benbow v. Boney, Tex.Civ.App., 240 S.W.2d 438 (writ ref.), and such rule was there applied. It is our view that the general plan or scheme here shown by the undisputed evidence was adopted with the designed purpose of making the lots more attractive for residential purposes by reason of the restrictions inserted in the deeds, and that this was done for the purpose of forming an inducement to each purchaser to buy, and we think the court had the right to infer that the purchaser paid an enhanced price by reason of the restrictions there inserted. See Hooper v. Lottman, supra. See also Scaling v. Sutton, Tex.Civ. App., 167 S.W.2d 275 (writ ref. w. o, m.); Curlee v. Walker, 112 Tex. 40, 244 S.W. 497. See also Rudy v. Southhampton Civic Club, Tex.Civ.App., 271 S.W.2d 431.

Since the Supreme Court gave a straight-out refusal to this court's decision in Benbow v. Boney, supra, and since such approval by our Supreme Court is the last expression by it on a similar factual situation, it is our duty to follow the decisions herein cited; and since these decisions are explicit, further discussion would be of no avail. Moreover, since the evidence is ample to support the findings of the jury, and since we are of the further view that the pertinent and controlling evidence is without dispute, a more detailed statement of the evidence tendered would be without precedential value. We find no reversible error.

Accordingly, the judgment of the trial court is affirmed.