Travis STANFORD, Appellant,

v.

W. B. BROOKS et al., Appellees.

No. 15782.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 25, 1957.

McDonald, Sanders, Nichols, Ludlum, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellant.

Scott Daly, Fort Worth, for appellees.

MASSEY, Chief Justice.

Travis Stanford and W. B. Brooks et al. were real property owners, their properties lying within a city residential subdivision platted and dedicated of record as in the usual and customary case. There are two important elements regarding the time and the act of the dedication, they being: (1) ownership in fee by the dedicator without restriction of all the land subdivided, and (2) certain provisions in the dedication reserving unto the dedicator (and to his assigns or grantees thereof) the right to waive certain restrictions of the dedication. One of the restrictive covenants of the dedication related to the placing of fences on any lot of the subdivision. It was provided that no fence should be erected or maintained on any part of any lot on the front side of the building lines shown in the accompanying plat, without the written consent of the dedicator.

The dedicator conveyed away all his right, title and interest in the lots of the subdivision, save and except, perhaps, the right to waive certain restrictive covenants of the dedication. In one of his conveyances he delivered a portion of one of the lots of the subdivision, the size of which being such that no building could be erected thereon or a use of the lot made in accord with the purposes expressed in the dedication. The conveyance thereof was by warranty deed in which no mention was made of the dedication or of any restrictive covenant. The parcel of property in question was not the first property conveyed by the dedicator after the act of dedication. The original grantee of said parcel of property subsequently conveyed it to Stanford, whose residence was located in an adjoining subdivision, "backing up" to the parcel in question. Stanford unquestionably desired the property so that his home premises would extend from the street in front of his home back to the street on which the lot, of which the parcel in question was a part, would have fronted if used in accord with the dedication under consideration. Stanford had a swimming pool on or near said

parcel and he desired to place a fence in such manner that he would have the largest area possible around this swimming pool.

Without permission of either the original dedicator, or of any of the other owners of property within the dedicated subdivision, Stanford proceeded to have a fence erected on the part of lot in question which was on the front side of the building lines shown on the plat referred to in the dedication. The property owners within the subdivision, whose homes fronted on the street therein near the Stanford property, objected and, pursuant to their protest, filed a suit for injunction to require that Stanford remove the fence and refrain from further threatened violation of the restrictive covenants of the dedication relative to the erection or maintenance of any fence in front of the plat's building lines.

The trial court, upon a hearing of the merits, rendered a judgment granting appellees the relief prayed for. From this judgment Stanford has appealed.

The judgment is affirmed.

Stanford's contentions embrace primarily two unique theories. Of these the first premise suggests that he should not be considered bound by the restrictive covenants of the dedication because the dedicator conveyed the property in question by warranty deed without reference to any restriction and that he succeeded to all the rights of the dedicator, including the right to annul and cancel all the covenants and conditions mentioned in the dedication, as would have unquestionably been the right of the dedicator had he changed his mind immediately after he filed the plat and dedication and before any person had changed legal position on the strength thereof. The second premise suggests that even though Stanford be mistaken in the first, appellees are not possessed of any justiciable interest entitling them to enforce the restrictions, the right having been reserved to the dedicator. It is to be noted that the dedicator was not made a party to the suit of appellees, though the

parties have stipulated that he has never acted to waive any restriction mentioned in the dedication in accord with its provisions.

We are satisfied that Stanford's contentions cannot be sustained on either theory. However, in resolving the questions it is believed that recourse should be made to the plat and dedication presented. On June 22, 1945, Elmer Wooldridge filed of record in the plat records of Tarrant County, Texas, the dedication of Colonial Park as an addition to the City of Fort Worth. In the procedure followed Wooldridge adopted the map attached to the dedication as his plan for subdividing the property (all of which belonged to him) and dedicated as highways for the use of the public the streets as shown thereon. In the instrument he recited that "And I do hereby declare that all lots shown upon the said map of Colonial Park are held and shall be conveyed subject to the reservations, restrictions and covenants herein set forth: * * *." Thereafter certain restrictions, as for instance that relative to the exclusive use of the land for residential purposes, were unreservedly provided. However, as regards certain other restrictions, he provided that he should have the right to alter or even completely waive the same. For example: he reserved the right to change any building line on a lot, limited in respect that no such line could be changed so as to bring it more than five feet nearer any adjoining street shown on the plat; he reserved the right to fix the minimum cost of any and all residences erected; and he provided, "No fence, wall or hedge nor any pergola or other detached structure for ornamental purposes shall be erected, grown or maintained on any part of any lot on the front or exterior side of the building lines, as shown on said plat, without the written consent of the Dedicator."

Wooldridge further provided that "All of the restrictions and covenants herein set forth shall continue and be binding upon the Dedicator and upon his successors and assigns for a period of twenty-five (25) years from the date this instrument is filed for record * * * that the owners of the legal title to the lots having more than fifty percent of the front footage of the lots shown on the recorded plat may release all of the lots hereby restricted from any one or more of said restrictions and covenants, and may release any lot shown on said plat from any restriction or covenant created by deed from the Dedicator", after the first twenty-five year period through a procedure outlined. And he further provided that "The restrictions herein set forth shall run with the land and be binding on the Dedicator, his successors and assigns, and all parties claiming by, through or under him shall be taken to hold, agree and covenant with the Dedicator and his successors in title, and with each of them, to conform to and observe all restrictions and covenants * * *." He further provided that he, as the dedicator, and the owners of any of the land within the subdivision should have the right to sue for and obtain an injunction, prohibitive or mandatory, to prevent the breach of or to enforce the observance of the restrictions and covenants set forth. Finally, he provided that he might assign or convey to others any of the rights, reservations, etc., reserved unto him by the dedication.

Wooldridge thereafter disposed of all the real estate he owned within the subdivision, that to Stanford or his grantor not being the first property sold. None of the deeds of conveyance contained any language which qualified the covenants and conditions set forth in the dedication.

█ Adverting to the first premise suggested by Stanford in support of his position, we believe that Wooldridge did become bound by all the terms and provisions of his dedication, as securely as he would have been had he agreed with another or other owners of property jointly subdivided and platted and dedicated with said agreement recited in the dedication. The moment he closed a sale of the first property disposed of after his dedication he would

be in law deemed bound in manner and for reasons identical to those applicable in the situation hypothecated.

We are therefore satisfied that the general rules should be held to apply in connection with the determination of whether Stanford should be held to have agreed to conform to the restrictions in the dedication. Applying these rules, Stanford was properly considered and treated as bound by the court below and the covenants and conditions enforced against him. Each of the deeds executed by Wooldridge as the grantor should have the language of the dedication read into them for it appeared in the chain of title as to each, for it is to our mind indisputable that Wooldridge filed the plat and dedication of record and proceeded to sell the lots of the subdivision "in furtherance of a general scheme or plan" of real estate development. That being so there was undoubtedly a real and actual consideration for the covenants and conditions to be found in the instrument of dedication so long as they were not affirmatively waived, as the parties to this appeal have stipulated.

The case upon which Stanford relies, Hill v. Trigg, Tex.Com.App.1926, 286 S.W. 182, cannot be given any controlling effect. It is to be noted that as applied to that case the grantor's abrogation of the purported covenants and conditions was at a time when the matter remained *ex parte*. The matter could not have remained *ex parte* after Wooldridge made the first sale. It may be assumed that that purchaser paid an enhanced price for the property purchased because of inducement to be found in the dedication whether or not he might have obtained some waiver of restrictions as applied to his own purchase. Not being involved we do not need to nor do we decide any question which might arise in connection with the applicability of restrictions as applied to property first sold after plat and dedication, save and except that the consideration a grantor is to be deemed to have accepted pursuant thereto operates to bind him in future grants of other property within a subdivision. Therefore, Wooldridge having become bound, subsequent grantees became bound in turn. In this instance Stanford became bound. The question in this case would be governed by the principles of law announced in the cases of Curlee v. Walker, 1922, 112 Tex. 40, 244 S.W. 497; and Hooper v. Lottman, Tex.Civ.App., El Paso, 1914, 171 S.W. 270. The very premise upon which the decisions in these cases rested were distinguished by the Commission of Appeals in the course of that court's opinion in the case of Hill v. Trigg, supra, and the court further demonstrated why such prior cases should not govern it in the later case. See also cases in 10A Texas Digest, Covenants, ⬤⤳51(2) and 79(3).

■ Upon Stanford's second premise, that appellees are not entitled to enforce the restrictions, we believe that the trial court was correct in treating the provisions of the dedication so as to give the right ·of enforcement to appellees. Certainly the language of the dedication is subject to be viewed as having reserved a property right in the dedicator Wooldridge as to each lot or part of lot sold, in that he could in his discretion enforce the restrictions or waive certain of the restrictive covenants. Clements v. Taylor, Tex.Civ.App., Eastland, 1944, 184 S.W.2d 485. But for the reservation Wooldridge could not later acquire a right to waive any restriction save by the grant thereof from all owners of property within the subdivision. It is not to be doubted that Wooldridge at one time had the primary right to enforce the restrictive covenants, but that does not import that those to whom he had sold lots initially had no similar right at the same time. It is to be noted from the language of the opinion in the case of Hooper v. Lottman, supra, as copied verbatim in the opinion of the Supreme Court in Curlee v. Walker, supra, that when it is clear that purchasers such as appellees here are the intended beneficiaries of covenants analogous to those here under consideration they have the

right to enforce them. And it is to be noted from the language of the case of Couch v. Southern Methodist University, Tex.Com. App.1928, 10 S.W.2d 973, that the rights of the purchasers of the subdivided property in relation to such covenants are altered, are "promoted", as one might say, from a secondary character after all of such property has been sold by the dedicator. At such a time their rights are those primarily to be considered, and enforced or waived as their discretion dictates. This construction comports with the common understanding in such matters, and is not only lawful but just.

Stanford has sought to bolster his case on various additional grounds, each of which fails, in our opinion, in view of the provisions of the dedication itself, the evidence introduced on the trial, and the law applicable to the case. No waiver or abandonment by either Wooldridge or any successor to his title or interest in any property within the subdivision is made to appear; no acquiescence and laches affecting appellant's asserted rights are shown to have changed the contractual position imposed originally upon purchasers of property within the subdivision; and such inconsistency of the restrictions or lack of uniformity thereof as applied to the various lots within the subdivision is in no way demonstrated as unreasonable or confiscatory, or destructive of the ultimate purpose evidenced in the dedication.

 Though one violation of the restrictive covenant relative to a fence was shown to have existed on one other lot within the subdivision for a period of over ten years without complaint, proof thereof was insufficient evidence of such a waiver of the restrictive covenants as would prevent their enforcement as to Stanford, the evidence not demonstrating that the variation was substantial nor that such violation immediately affected the appellees' enjoyment of their own premises. Klein v. Palmer, Tex.Civ.App., Galveston, 1941, 151 S.W.2d 652, and cases cited.

Stanford finally asserts that the enforcement of the restriction works an unjust hardship upon him as compared with the benefits accruing to appellees through such enforcement. Our review of the evidences discloses that the question was not therein raised. Furthermore, we do not find the question briefed, the appellant's brief containing no more than the bare assertion. It is therefore believed that it may be properly treated as waived. Texas Rules of Civil Procedure, rules 418 and 422.

The student is directed to the annotation "Restrictive Covenant—Validity—Effect" to be found in 19 A.L.R.2d pp. 1274–1297, incl.

The judgment is affirmed.