**L. H. KELLY et ux., Appellants,**

**v.**

**CITY OF MARLIN, Appellee.**

**No. 3805.**

Court of Civil Appeals of Texas.

Waco.

Nov. 23, 1960.

Mac L. Bennett, Jr., Normangee, for appellant.

Carroll Pearce, Marlin, for appellee.

WILSON, Justice.

The City of Marlin, seeking a mandatory injunction requiring removal of structures alleged to be obstructing a street, alleged that in 1903 A. E. Aikman subdivided a tract of land as shown by a plat, and dedicated the streets and alleys shown thereon to public use. It alleged that Fuschia Street shown thereon was 50 feet wide and had

been partially opened, and that appellants had built structures extending into the street as dedicated.

At the conclusion of the evidence the court discharged the jury and rendered judgment for the city. Appellants say there were questions of fact as to the legal suffi-ciency of the plat relied on as a dedicatory instrument, as to the location of the street upon the ground, and as to whether appellants' improvements were located within the boundaries of the street.

An understanding of the questions requires reproduction of the plat:

MAP OF THE
A E. AIKMAN ADDITION
to THE CITY OF
Marlin Texas

The map was recorded in the county deed records. Its recording date is not shown, but other documents in the same volume of the records preceding and following it were recorded in 1903 and 1904. It is a photographic reproduction of a plat, the original of which recites it is constructed on a scale of 100 ft. to one inch. The recorded copy is not to such scale.

Appellants attack the plat because there is no showing it was made under A. E. Aikman's direction, there is no dedicatory language accompanying it, there is no acknowledgment or authentication, and no showing of formal acceptance by the city.

■ From 1908 to 1911 A. E. Aikman executed various conveyances containing

description by lot and block with reference to the recorded plat. Sale and conveyance of lots in accordance with the subdivision plan and with reference to the recorded plat implied a grant or covenant that the streets indicated thereon "shall be forever open to use of the public" and vested in the public and its organized representative the right to take possession of and use the streets as dedicated whenever progress and development made it necessary. The right became irrevocable and required no formal acceptance. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924. We think it is clear that the elements of a dedication of some property by Aikman to public use as a street is established, and the enumerated objections directed to sufficiency of the plat are therefore untenable. The essential elements of communication of an intention to dedicate a street to the public are shown. 14–B Tex.Jur., Sec. 22, p. 358.

The problem in this case, however, is raised by appellants' contention that there is a question of fact as to whether appellants' improvements are located within the boundaries of Fuschia Street as dedicated. The city had the burden of establishing as a fact the legal existence as a street of that portion of the alleged street on which the improvements were located, and that the improvements are within it. McCarver v. City of Corpus Christi, 155 Tex. 153, 284 S.W.2d 142.

■ From the plat, the conveyances referring to it, and the abstract of title admitted in evidence, it appears impossible to establish the location on the ground of "Fuschia Street" as shown on the plat. At least it can not be said to be so established as a matter of law. The city's witness, a surveyor, undertook to establish the north line of this street. He testified he began by undertaking to establish the center of Live Oak Street and "came down to establish the north line of Fuschia Street as the plat shows on the record." He admitted that all the data available was the recorded plat and an abstract from which he "got the idea" the alley in block 2 was 20 feet

wide. This fact is not conclusively revealed by the plat or by any conveyance with reference to it by the dedicator or his successors. The width of Live Oak Street is not shown on the plat. The city says the width of the alley in Block 2 can be ascertained by computation and by scaled comparison with alleys in Blocks 5, 6, 7 and 8. A cursory comparison of the platted widths of alleys in Blocks 5 and 6 precludes this syllogism as a conclusive factor. In fact it is difficult, if not impossible, from this record to locate any street, as dedicated, in the addition. Field notes in conveyances beyond the base title and those to Aikman before the plat was recorded call for a beginning point which is the northeast corner of the Jesse Washington tract, and call for adjoinders with Price & Capps tracts not shown in the record. Assuming identification of the beginning point of description of the acreage from which the addition is alleged to have emanated, calls for distance can not be made to coincide with delineated streets under the record exhibited. If it be assumed that the northeast corner of the Washington tract be as shown on the plat, the record would certainly make a question of fact as to location of the street asserted to have been dedicated. Evidence as to location of stakes recently placed by the parties would not conclusively—if at all—evidence intention of the dedicator. The location and existence of the street as dedicated was a question of fact for the jury.

■ The evidence shows that at some time after 1904 a narrow roadway some three or four blocks long was opened, known as Fuschia Street. It was subsequently widened to 20 feet and graveled. It is now some 28 to 36 feet in width, but is irregular, contains offsets, and "dead-ends" in a pasture. There are three or four houses located on it. Appellants' structures are not within the street as opened. They are over 50 feet from a point which appellants' evidence indicates may be the recognized south line of the street. Whether the latter circumstances are material in determining existence of a fact issue or not, they

gave rise to an offer of proof by appellants that over 30 years ago they called on the City Engineer to locate the southwest corner of lot 5, Block 2 as the intersection of the east line of Homer Street with the north line of Fuschia Street; that he did so, and drove a stake at the point; that the improvements were constructed in reliance on, and in conformity to the line so established; that a presently existing cedar tree was planted at this spot, and that appellants' improvements built many years prior to trial are outside the street boundaries so located. This evidence was excluded. Upon another trial, we think this evidence as reflected by the bill of exception should be admitted if the record is substantially similar. Although we are not called upon to determine whether the pleaded defense of estoppel is available to appellants, or whether the excluded evidence would have made this also a fact issue for the jury, it may be helpful to invite attention to Krause v. City of El Paso, 101 Tex. 211, 106 S.W. 121, 14 L.R. A.,N.S., 582, 130 Am.St.Rep. 831 in considering admissibility of such evidence on another trial.

Matters raised by other points are unlikely to be presented on re-trial. Reversed and remanded.