**Joel GUNNELS et ux., Appellants,**

**v.**

**NORTH WOODLAND HILLS COMMUNITY ASSOCIATION, Appellee.**

**No. 17013.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1978.

Rehearing Denied March 16, 1978.

Dellinger, Lawrence & Baca, Paul R. Lawrence, Houston, for appellants.

Dazey & Newey, Robert E. Newey, Houston, for appellee.

EVANS, Justice.

This is an appeal from a temporary injunction order requiring that the appellants remove a citizens band radio antenna from their residence.

This action was instituted by the plaintiff, North Woodland Hills Village Community Association, Inc., alleging that it was a non-profit corporation organized for the purpose of requiring compliance with the restrictions placed upon Woodland Hills Village, Section 5, for the mutual benefit and protection of all of the residents within the subdivision. Attached to and made a part of the plaintiff's petition by reference is a photocopy of the recorded restrictions applicable to Woodland Hills Village, Section 5. The pertinent provision in these restrictions provides:

"No electronic antenna or device of any type other than an antenna for receiving normal television signals shall be erected, constructed, placed or permitted to remain on any of the lots, houses, or buildings constructed in this subdivision. Television antennas may be attached to the house; however the antenna's location shall be restricted to the rear of the house or to the rear of the roof ridge line, cable or center line of the principal dwelling so as to be hidden from sight when viewed from the fronting street."

The appellants first contend that the trial court erred in granting the temporary injunction because North Woodland Hills Village Community Association, Inc., was not a proper party to the action. Under this point, the appellants argue that the evidence shows the plaintiff to be an association of residents both in and out of Section 5 of Woodland Hills Village and that the plaintiffs failed to prove that it would benefit from the enforcement of the restrictions. The appellants rely on *Wald v. West MacGregor Protective Association,* 332 S.W.2d 338 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.), wherein it was held that a community protective association had no justiciable interest where neither it nor the majority of its members owned property in the restricted area.

The *Wald* case is inapplicable to the facts in the case at bar. The restrictions for North Woodland Hills Village, Section 5, expressly authorize and empower North Woodland Hills Village Community Association, Inc., to institute proceedings for the enforcement of the restrictions. The appellants did not file a verified plea questioning the plaintiff's entitlement to recover in the capacity in which it sued, and they are in no position to argue that the plaintiff was not authorized to bring the action on behalf of the residents of Section 5. Rule 93, Tex.R. Civ.P.; *Taylor v. Republic Grocery,* 483 S.W.2d 293, 296 (Tex.Civ.App.—El Paso 1972, no writ).

The evidence shows that the association is composed of residents of various sections of Woodland Hills Village, and that

each of these sections has separate restrictions. However, the plaintiff sought to enforce only the restrictions applicable to Woodland Hills Village, Section 5, and the fact that the plaintiff also served residents of other sections would not disqualify it from seeking enforcement of the restrictions applicable to that section.

The appellants next contend that it was inequitable for the trial court to issue a mandatory injunction under the circumstances presented by the evidence. Under this point, they argue that there was no evidence that the plaintiff or any other person would suffer damages by reason of their continued use of the antenna pending a final hearing on the merits.

■ It is only under exceptional circumstances that a mandatory injunction will be granted prior to the final hearing, and the trial court should issue such a writ only where the right thereto is clearly established and a mandatory order is necessary to prevent irreparable injury. *Haynie v. General Leasing Company, Inc.,* 538 S.W.2d 244 (Tex.Civ.App.—Dallas 1976, no writ); *Lawyers Surety Corporation v. Rankin,* 500 S.W.2d 181 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.).

"Generally, the preservation of the quo can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury on complainant. In such a case, courts of equity issue mandatory writs before the case is heard on its merits. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary injunction may not be resorted to to obtain all relief sought in the main action; such temporary injunction may be mandatory in character." *Rhodia, Inc. v. Harris County,* 470 S.W.2d 415, 419 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ)

The restrictive covenants of Woodland Hills Village, Section 5, prohibit the property owners of that subdivision from erecting or maintaining on their houses or buildings within the subdivision any antennas other than those used for receiving normal television signals. It is undisputed that the appellants were fully aware of the restrictive covenant at the time they purchased their lot and when they installed their citizens band radio antenna on their house.

■ The plaintiff in an action to enforce restrictive covenants is not required to prove actual damages in order to obtain injunctive relief. *Shepler v. Falk,* 398 S.W.2d 151 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.). Where a distinct or substantial breach of the restrictions is shown, the courts will enjoin the violation even though there is no proof of actual damages or irreparable injury. *Protestant Episcopal Church Council v. McKinney,* 339 S.W.2d 400, 403 (Tex.Civ.App.—Eastland 1960, writ ref'd).

■ Furthermore, the status quo in the case at bar was not a condition of rest, but rather one of action, and was of such a nature as to inflict irreparable injury upon the residents of Woodland Hills Village, Section 5.

The appellants argue that the mandatory injunction will result in great injury to them, while the plaintiff would suffer only slight damage pending a final hearing on the merits. The evidence is undisputed that the total cost of the outside antenna and the base unit was about $380.00, and there is no evidence that the base unit could not be used with an antenna placed inside the house. The evidence shows that the outside antenna could be readily removed by Mr. Gunnels himself:

Q. Is it one that could be easily taken down?

A. With help, yes.

Q. How long would you say it would take to take it down?

A. An hour.

Q. You installed it yourself with help?

A. Yes.

Q. And you could take it down yourself?

A. Yes.

Q. How much did the aerial cost?

A. I believe they retail for about a $130.

Q. You put the aerial up knowing of the existence of the restriction prohibiting electronic antennas in Section 17 of Part I?

A. Yes, I did.

In determining whether it would be inequitable to enforce restrictive covenants against a particular lot owner, the equities of the owner must be weighed against the equities favoring other lot owners who acquired their property on the strength of the restriction. *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 946 (1958). The fact that one landowner may suffer some greater injury by reason of the enforcement of the restrictions does not compel the refusal of injunctive relief. *Collum v. Neuhoff,* 507 S.W.2d 920, 924 (Tex. Civ.App.—Dallas 1974, no writ). If there is a disproportion between the harm which will ensue from granting injunctive relief and the benefit to be gained thereby, the disproportion must be of considerable magnitude to justify a refusal to enforce the restrictions. *Cowling v. Colligan,* supra. Neither does the fact that the relief granted would be the same as that sought on final hearing constitute, in itself, a basis for refusing to grant the temporary injunction. *Texas Pipe Line Company v. Burton Drilling Company,* 54 S.W.2d 190 (Tex.Civ.App. —Dallas 1932, no writ).

A temporary injunction is the proper method of maintaining the status quo while the applicability of a restrictive covenant is being finally determined. *Baton v. Key Production Company,* 315 S.W.2d 59, 62 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.). In the present case, the evidence clearly establishes a probable right and a probable injury, and the trial court did not abuse its discretion in requiring the removal of the antenna pending final hearing. *Crow v. Batchelor,* 456 S.W.2d 241, 243 (Tex.Civ.App.—Texarkana 1970, no writ); *Transport Company of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953).

In their last point of error, the appellants contend that the restrictive covenant sought to be enforced was vague, overly broad and an undue restriction on the use of their property.

Restrictive covenants are enforceable if their language is clear and where they are confined to a lawful purpose and are within reasonable bounds. *Chandler v. Darwin,* 281 S.W.2d 363, 367 (Tex. Civ.App.—Dallas 1955, no writ). It is a well known fact that restrictions enhance the value of the subdivision property and form an inducement for purchasers to buy lots within the subdivision. *Finley v. Carr,* 273 S.W.2d 439 (Tex.Civ.App.—Waco 1954, writ ref'd). In the absence of ambiguity, restrictive covenants will be enforced according to their terms. *H. E. Butt Grocery Company v. Justice,* 484 S.W.2d 628 (Tex. Civ.App.—Waco 1972, writ ref'd n. r. e.).

There is no ambiguity in the language of the covenant, and it clearly prohibits electronic antennas other than those used for receiving normal television signals from being placed or maintained "on lots, houses or buildings" within the subdivision. The restriction is not so broad as to prohibit antennas "inside the house" or "in the attic", as the appellants maintain, and the covenant does not place an undue restriction on the use of the appellants' property.

The trial court's order is affirmed.