**Dr. Humberto GUAJARDO, Appellant,**

v.

**Roy M. NEECE and Billy Gray, Appellees.**

**No. 2–88–073–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 13, 1988.

 

Law Offices of G. Stanley Cramb, P.C., G. Stanley Cramb, Hurst, for appellant.

Wynette G. Parchman, Fort Worth, for appellees.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

This is an appeal from a temporary injunction order requiring appellant Humberto Guajardo to halt construction of a dog kennel on his land until it can be determined at trial whether the construction violates existing deed restrictions.

We affirm.

Guajardo purchased undeveloped property in Tranquil Acres, a Tarrant County development, in October, 1987, for the purpose of constructing and operating a breeding and boarding dog kennel.

Appellees Neece and Gray filed suit for injunction on February 18, 1988, asking the court to enforce the following deed restriction:

No noxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

The trial court found that the operation of the proposed facility would violate the deed restriction and granted a temporary injunction, entering findings of fact and conclusions of law in support of its order.

In four points of error, Guajardo complains that the trial court abused its discretion in granting the temporary injunction. In points one and two, Guajardo complains there is no evidence or insufficient evidence to support the findings of fact and conclusions of law upon which the temporary injunction is based. In his third point of error, Guajardo asserts that the temporary injunction violates the public policy of this state to foster the care, health, and maintenance of domesticated animals. In his fourth point, Guajardo argues that the injunction violates the public policy of the state by operating as an extreme and un-

reasonable restriction of Guajardo's use of his property. We hold that the trial court did not abuse its discretion. The grant of a temporary injunction is supported by ample evidence and does not violate the public policies of this state. Guajardo's points of error are overruled and the judgment of the trial court is affirmed.

An order granting or denying a temporary injunction is reviewable only for a clear abuse of judicial discretion. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). The merits of the underlying case are not presented for review and the appellate court may not substitute its judgment for that of the trial court. *Id.* at 861–62. In reviewing the trial court's grant of the temporary injunction, our task is to establish that a reasonable basis exists for the trial court's conclusion that the applicant has shown a probable right to recover on the merits. *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex.1961).

■ In his first two points, Guajardo challenges the evidence supporting the trial court's findings and conclusions, specifically, those which hold that the construction of the proposed kennel would violate the deed restriction because it would constitute a "noxious or offensive trade or activity" and "may be or become an annoyance or nuisance to the neighborhood," resulting in injury to Gray and Neece, for which they have no adequate legal remedy. After reviewing the record, we find there is ample evidence to support the court's findings and conclusions. The trial court did not abuse its discretion in granting the injunction based upon them.

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual suffi-

ciency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In reviewing an assertion that the evidence is insufficient to support a finding of fact, we are required to consider all of the evidence in the case. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

The trial court received evidence of the residential nature of the neighborhood, the specifications and plans for operating the proposed facility and neighborhood sentiments regarding the same. The evidence supports the trial court's findings and conclusions that a dog kennel would constitute an offensive trade in a residential community and may become an annoyance or nuisance to the neighborhood, diminishing the quality of life therein and adversely affecting the value of property.

■ In his brief Guajardo argues that the injunction should not have been granted because activities then taking place (i.e., initial construction preparation) on Guajardo's property did not constitute a noxious or offensive trade and did not amount to activity which might annoy the neighborhood. We are not persuaded. In order to prevail, a party seeking a temporary injunction to enforce a restrictive covenant need only prove an intent to do an act that would breach the covenant. As the purpose of the temporary injunction is to maintain the status quo until the applicability of the restrictive covenant is finally determined, "[t]he mere fact that a breach ... is *intended* constitutes sufficient ground for issuance...." *Chandler v. Darwin*, 281 S.W.2d 363, 367 (Tex.Civ.App.—Dallas 1955, no writ) (emphasis in original).

In exception to the general rule, proof that actual damage will be sustained or irreparable injury suffered need not be offered. It is sufficient to show a distinct or substantive breach will result. *Gunnels v. No. Woodland Hills Community Ass'n*, 563 S.W.2d 334, 337 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Protestant Episcopal Church Council v. McKinney*, 339 S.W.2d 400, 403 (Tex.Civ.App.—Eastland 1960, writ ref'd).

Thus, we find there is sufficient evidence to support the findings of fact and conclusions of law upon which the injunction is based; the trial court did not abuse its discretion in granting the temporary injunction. Points of error one and two are overruled.

■ In his third point of error, Guajardo asserts that enjoining the construction and operation of the proposed kennel violates the public policy of the state in favor of caring for domesticated animals and as such, constitutes an abuse of discretion. We disagree. As our Supreme Court has stated, in applying the abuse of discretion standard to the granting or denying of a temporary injunction, the reviewing court is to ask whether a reasonable basis exists upon which the trial court could have properly held as it did. *Camp*, 348 S.W.2d at 517. We find that the trial court did have a reasonable basis for its holding. We may not substitute our judgment for that of the trial court. *Davis*, 571 S.W.2d at 862.

With respect to Guajardo's policy concerns, we note that while care for the health and maintenance of domesticated animals is a commendable cause, the policy concern cited by Guajardo contemplates institutions which contribute to the welfare of animals and "protect human beings from the depredations and annoyances of unattached and stray animals," not commercial, profit-seeking enterprises for breeding and grooming. *Georg v. Animal Defense League*, 231 S.W.2d 807, 811 (Tex.Civ.App.—San Antonio 1950, writ ref'd n.r.e.). Any policy considerations in favor of the care of animals operating in this case do not outweigh the rights of property owners to enforce valid restrictive covenants. Policy considerations supporting the enforcement of reasonably drawn restrictive covenants include the landowners' interest in maintaining the residential quality of their neighborhoods, *Briggs v. Hendricks*, 197 S.W.2d 511, 513 (Tex.Civ.App.—Galveston 1946, no writ), and retaining and possibly enhancing property values. *Finley v. Carr*, 273 S.W.2d 439, 443 (Tex.Civ.App.—Waco 1954, writ ref'd); *Green Avenue Apartments v. Chambers*, 239 S.W.2d 675, 685 (Tex.Civ.App.—Beaumont 1951, no writ). Guajardo's third point of error is overruled.

■ In his final point of error, Guajardo contends that the temporary injunction bars all construction on his property and is therefore an extreme and unreasonable restriction upon his use of his property, constituting a violation of the public policy of this state and therefore an abuse of discretion.

The order granting the temporary injunction should be read in context of the entire injunction. *Cross v. Chem–Air South, Inc.*, 648 S.W.2d 754, 757 (Tex.App.—Beaumont 1983, no writ). When read in its proper context, it is clear that the injunction halts only further construction of a dog kennel on Guajardo's land and, as such, is neither unreasonable nor extreme. The trial court had reasonable grounds for finding that the proposed facility violated a valid, enforceable restrictive covenant and was well within its discretion in granting the injunction. Guajardo's fourth point of error is overruled.

We affirm the judgment of the trial court.